```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
CHRISTOPHER GENTILE and JUAN A.                             :
CRAWFORD,                                                   :
                                                            :
                              Plaintiffs,                   :     21-CV-8528 (VSB)
                                                            :
             - against -                                    :         ORDER
                                                            :
                                                            :
CASSI CREDEDIO and KEVIN DOYLE,                             :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

    Plaintiffs Christopher Gentile and Juan A. Crawford ("Plaintiffs") filed this copyright action against Defendants Cassi Crededio ("Crededio") and Kevin Doyle ("Doyle," and together with Crededio, "Defendants"). (Doc. 1 ("Compl.").) On May 12, 2022, Crededio filed a motion to dismiss the claims raised in the Complaint[1] as against her pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 24; *see also* Doc. 25 ("MTD Mem.").)[2] Plaintiffs filed a brief opposing Crededio's motion on May 26, 2022, (Doc. 26 ("MTD Opp.")), and Crededio filed a reply brief on June 2, 2022, (Doc. 27 ("MTD Reply")).

    Plaintiffs allege that they "hired" Crededio "to assist in drafting" a screenplay for a pilot of a television show they had "initially conceived."[3] (Compl. ¶ 18.) Crededio produced a final

---

[1] *See infra* note 2.

[2] Doyle filed an answer with counterclaims on March 8, 2022, (Doc. 18), and Plaintiffs filed their own answer to Doyle's counterclaims on March 29, 2022, (Doc. 19). Neither are relevant to this Order.

[3] The facts contained in this Order are based upon the factual allegations set forth in Plaintiffs' complaint ("Complaint"). (Doc. 1.) I assume the allegations the Complaint to be true in considering the motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). My reference to these allegations should not be construed as a finding as to their veracity, and I

draft of this three-act screenplay (the "Work") over the course of "approximately three weeks, from October 14, 2019 through November 2, 2019." (*See id.* ¶¶ 10, 19.) Plaintiffs gave "Crededio . . . instructions regarding the content and structure of the Work. She was given detailed verbal instructions and/or physical outlines as well as rough drafts . . . demonstrating Plaintiffs' conception of the Work[]."[4] (*Id.* ¶ 19). Crededio was paid in installments of "$500 via Chase QuickPay" . . . "for each act she drafted." (*Id.* ¶¶ 21, 23–26.) Crededio's "role was . . . to implement the vision and ideas as described to her by" Plaintiffs. (*Id.* ¶ 21.) The Complaint contains no reference to a written employment agreement or documents that could be construed as the basis for an employer/employee relationship between the parties. Rather, it states that Crededio "sign[ed] a Confidentiality Agreement where she expressly agreed to protect all confidential information associated with" the creation of the Work. (*Id.* ¶ 28.) On November 15, 2019, Crededio registered the Work with the Copyright Office. (*Id.* ¶ 29.)

The Complaint asserts two claims against Crededio: (1) declaratory judgment that Plaintiffs, and not Defendants, are the holders of the only valid copyright registration for the Work, (*id.* ¶¶ 57–61); and (2) copyright infringement over Crededio's having registered the Work with the Copyright Office in her name, (*id.* ¶¶ 62–66).

Crededio moves to dismiss both counts against her on the grounds that Plaintiffs have not pleaded any facts suggesting that they could own the copyright in the Work. First, she argues that the Complaint fails to plead facts showing that Plaintiffs jointly authored the Work with her. (MTD Mem. 8–11.) "The Second Circuit has established a two-part test for joint authorship,

---

make no such findings.

[4] Plaintiffs write "Works" in this portion of the Complaint, because the Complaint asserts claims against Doyle relating to a separate work that is related to the Work, but which is not at issue for the purposes of any allegations against Crededio. (*See* Compl. ¶¶ 6, 19.)

whereby each putative co-author must have (1) intended, at the time of creation, to be a co-author and (2) made independently copyrightable contributions to the work." *Maurizio v. Goldsmith*, 84 F. Supp. 2d 455, 465 (S.D.N.Y.) (citing, among others, *Thomson v. Larson*, 147 F.3d 195, 200 (2d Cir. 1998)), *aff'd*, 230 F.3d 518 (2d Cir. 2000).

Second, in the absence of joint authorship, Crededio argues that no well-pleaded allegations suggest that Plaintiffs could be considered authors of the Work under the work-made-for-hire doctrine. (MTD Mem. 11.) Under the Copyright Act, "[a] work made for hire is (1) a work prepared by an employee within the scope of his or her employment; or (2) a work specially ordered or commissioned . . . if the parties expressly agree in a written instrument signed by them that the work shall be considered a work for hire." 17 U.S.C. § 101 (internal quotation marks omitted). "In the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author for purposes of this title." 17 U.S.C. § 201(b). To determine what constitutes a work made for hire, courts look to "the thirteen factors established in *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (1989)," and, in particular, at "five core" factors "that 'will almost always be relevant to the *Reid* analysis and should be given more weight.'" *Horror Inc. v. Miller*, 15 F.4th 232, 241, 249 (2d Cir. 2021) (quoting *Aymes v. Bonelli*, 980 F.2d 857, 861 (2d Cir. 1992)). "Those [*Aymes*] factors are: (1) the hiring party's right to control the manner and means of creation; (2) the skill required of the hired party; (3) the provision of employee benefits; (4) the tax treatment of the hired party; and (5) whether the hiring party has the right to assign additional projects to the hired party." *Id.* at 249 (internal quotation marks omitted).

Plaintiffs dispute Crededio's arguments. They contend that they have pleaded joint authorship because, among other things, "they produced written outlines and drafts of their

ideas" and "provided those to [Crededio]" so she could "mak[e] edits and conform[] their drafts to the standards of formal scripts." (MTD Opp. 10 (citations omitted).) They also argue that the work-for-hire doctrine is too fact-intensive to decide on a motion to dismiss. (*Id.* at 13.) They conclude by asking for leave to amend under Rule 15 if I determine that their Complaint fails to state a claim against Crededio. (*Id.* at 21.)

In reply, among other things, Crededio argues that if Plaintiffs are granted leave to amend, I should require Plaintiffs to amend their complaint with allegations that "specify precisely what they wrote, what changes Ms. Crededio made to it, and to append copies of both writings to any amended pleading that they file." (MTD Reply 3–4). Crededio's reply cites a case in which I determined that a copyright plaintiff's "proposed amendment to the complaint would be unduly prejudicial to [d]efendant if [p]laintiff does not" attach the "email and accompanying photographs" that made up the issues raised in his pleadings. *Belyakov v. We Are Constantly Thinking, Designing, & Eating LLC*, 20-CV-3825 (VSB), 2021 WL 3788963, at *3 (S.D.N.Y. Aug. 26, 2021). In that case, the plaintiff filed a complaint alleging "copyright infringement as to 104 photographs that [p]laintiff took and emailed to [d]efendant's Chief Executive Officer," but the plaintiff had failed to "indicate which of the 104 photos were infringed, where they were infringed, or how many times each were infringed," and plaintiff did not include "any of the 104 photographs" with his filings. *Id.* at *1.

As an initial matter, I have concerns about whether Plaintiffs adequately plead their authorship of the Work. The allegations seem to plead only that they provided Crededio with "ideas," rather than that they provided any particular "manner[s] of expression" that became part of the Work. *See Attia v. Soc'y of New York Hosp.*, 201 F.3d 50, 58 (2d Cir. 1999). They do not plead any "written instrument" through which they and Crededio agreed that the Work "shall be

4

considered a work made for hire." 17 U.S.C. § 101.  Further, the Complaint appears to portray Crededio as an "independent contractor when [s]he produced the" Work.  *See Horror Inc.*, 15 F.4th at 250 (explaining that a party who contributes "suggestions and contributions" to a screenwriter's writing process "do[es] not necessarily evince the type of comprehensive control that characterizes a traditional employer-employee relationship." (citation omitted)).  Among other things, the Complaint pleads nothing about the "highly indicative" *Aymes* factor of the "tax treatment" of how Plaintiffs paid Crededio.  *Cf. id.* at 253 (internal quotation marks omitted).

However, I reserve judgment on these issues, because the parties agree that granting Plaintiffs leave to amend would be an acceptable way to proceed.  *See Env't Sols. Assocs. Grp., LLC v. Conopoco, Inc.*, 1:20-cv-10699-MKV, 2021 WL 2075586, at *1 (S.D.N.Y. May 24, 2021) ("Where a plaintiff seeks to amend its complaint while a motion to dismiss is pending, a court 'may either deny the pending motion to dismiss as moot or consider the merits of the motion, analyzing the facts as alleged in the amended pleading.'" (quoting *Pettaway v. Nat'l Recovery Sols.*, *LLC*, 955 F.3d 299, 303 (2d Cir. 2020)); *Michael Miller Fabrics, LLC v. Studio Imports Ltd., Inc.*, No. 12 CV 3858(KMW)(JLC), 2012 WL 4513546, at *1 (S.D.N.Y. Oct. 1, 2012) (granting plaintiff leave to amend "in the alternative" to plaintiff's motion to dismiss and denying "pending motions to dismiss as moot").  Further, I agree with Crededio that the *Belyakov* case provides a sound framework for what Plaintiffs should include in an amended complaint.  *See* 2021 WL 3788963, at *3.

Accordingly, it is hereby:

ORDERED that Plaintiffs file an amended complaint by July 28, 2022.  Their amended complaint should include, in its main body or in an attached exhibit (whichever is more appropriate), some or all of the following:

(1) a copy of the Work;

(2) copies of the "physical outlines," "rough drafts," or other work product "provided by the Plaintiffs" to Crededio demonstrating Plaintiffs' alleged authorship of the Work, (Compl. ¶ 19);

(3) allegations about which specific parts of the Work they believe they authored; and

(4) if it exists, any written employment agreement Plaintiffs entered into with Crededio.

Plaintiffs need not include everything I have just laid out, but it is their burden to plead sufficient "factual content [to] allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To that end, because I am not prejudging any future amended complaint, Plaintiffs should review the applicable case law related to their claims to make sure their amended complaint plausibly alleges such claims.

In light of my having granted Plaintiffs leave to amend,

IT IS FURTHER ORDERED that Crededio's pending motion to dismiss is DENIED AS MOOT. The Clerk of Court is respectfully directed to close the open motion at docket entry 24.

SO ORDERED.

Dated: July 1, 2022
New York, New York

_____
Vernon S. Broderick
United States District Judge