# Grant & Eisenhofer P.A.

485 Lexington Avenue, 29th Floor, New York, NY 10017    tel: 646.722.8500   fax: 646.722.8501

123 Justison Street  
7th Floor  
Wilmington, DE 19801  
tel: 302.622.7000  
fax: 302.622.7100

30 N. LaSalle Street  
Suite 2350  
Chicago, IL 60602  
tel: 312.610.5350  
fax: 312.214.0001

201 Mission Street  
Suite 1200  
San Francisco, CA 94105  
tel: 415.293.8210  
fax: 415.789.4367

www.gelaw.com

Caitlin M. Moyna  
Principal  
+1 (646) 722-8513  
cmoyna@gelaw.com

July 28, 2022

**FILED VIA ECF**

Hon. Vernon S. Broderick  
United States District Court  
Southern District of New York  
40 Foley Square  
New York, NY, 10007

> APPLICATION DENIED
> SO ORDERED [signature]
> VERNON S. BRODERICK
> U.S.D.J.   08/03/22
>
> By August 10, 2022, Plaintiffs shall submit a letter motion in further support of their motion to seal (Doc. 29), providing supporting case law for their position, including an analysis under Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). In addition, Plaintiffs should address what, if any, impact their submission to the Writers Guild of America has on their request to seal.

Re: *Gentile et al v. Crededio, et al.*, C.A. No. 1:21-cv-08528

Dear Judge Broderick,

       On behalf of the named Plaintiffs in the above-referenced action, Christopher Gentile and Juan A. Crawford, I write pursuant to Rule 5(B) of Your Honor's Individual Rules and Practices in Civil Cases to seek leave to file, under seal, the unredacted versions of Exhibit 1 (the Amended Complaint) and Exhibits A and B thereto (versions of the "Work" at the center of this dispute) (collectively, the "Confidential Exhibits") filed in conjunction with the Declaration of Caitlin M. Moyna dated July 28, 2022 (the "Moyna Declaration"), and Plaintiffs' First Amended Complaint (the "Amended Complaint").

       Plaintiffs recognize that there is a strong presumption in favor of the public's common law right to access judicial documents. *See Collado v. City of New York*, 193 F.Supp.3d 286, 288 (S.D.N.Y. 2016). However, the public's right to access is not absolute. *See Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 466 (S.D.N.Y. 2017). This Court has supervisory power over its own records and files, and the ability to deny access where court files might "become a vehicle for improper purposes." *Id.*

       Plaintiffs' Amended Complaint contains, as attached Exhibits A and B thereto, copies of two versions of the "Work"[1] which are at the center of dispute in this action. The Confidential Exhibits are the intellectual property of the Plaintiffs, and as far as Plaintiffs are aware, they are not publicly available. Plaintiffs have an interest in maintaining the confidentiality of the

---

[1] Capitalized terms not otherwise defined in this Letter shall have the meanings ascribed to them in the Amended Complaint.

Confidential Exhibits because, as authors of the scripts contained therein, they may wish to sell them to a movie, television or similar producer for their personal gain. Public disclosure of the scripts would reveal their ideas and subject Plaintiffs to further infringement by the public at large. Maintaining confidentiality of the scripts therefore outweighs the public interest in gaining access to them.

For these reasons, Plaintiffs respectfully request that the Court issue an Order permitting the filing under seal of the Confidential Exhibits, as well as any specific references to the Confidential Exhibits within the Amended Complaint. Plaintiffs believe that by limiting their request to seal to only the Confidential Exhibits as well as the specific references made to those Exhibits within the Amended Complaint, Plaintiffs' request is narrowly tailored to only preserve Plaintiffs' intellectual property and copyrighted materials.

In compliance with Rule 5(B)(iii) of Your Honor's Individual Rules and Practices in Civil Cases, counsel for Plaintiffs notified all counsel of record of their intention to file the Confidential Exhibits, and the various references made to these Exhibits under seal. Counsel for both Defendants in this action indicated that they have no objection to this request.

Very truly yours,

/s/ *Caitlin M. Moyna*
Caitlin M. Moyna