UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

CHRISTOPHER GENTILE and JUAN A. CRAWFORD,

      Plaintiffs,

 -v-                                                 No.  1:21-cv-08528-LTS

CASSI CREDEDIO and KEVIN DOYLE,

      Defendants.

-------------------------------------------------------x

## Order

      Before the Court is Plaintiffs' motion to file under seal the unredacted version of the Amended Complaint (docket entry no. 31) and Exhibits A and B to the Amended Complaint, which Plaintiffs characterize as "versions of the 'Work' at the center of this dispute." (Docket entry no. 36 at 1.) The Court has considered carefully the parties' submissions and arguments and, for the following reasons, the Court denies the motion.

      "The public has a 'general right to inspect and copy public records and documents, including judicial records and documents.'" Cisco Sys., Inc. v. Synamedia Ltd., 557 F. Supp. 3d 464, 475 (S.D.N.Y. 2021) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597-98 (1978)). Two presumptions exist in favor of public access to court records: "a strong form rooted in the First Amendment and a slightly weaker form based in federal common law." Newsday LLC v. Cnty. of Nassau, 730 F.3d 156, 163 (2d Cir. 2013); see also Canders v. Nadella, No. 22-CV-10090-LTS, 2022 WL 17822692 (S.D.N.Y. Dec. 19, 2022) ("Both the common law and the First Amendment protect the public's right of access to court documents."). "The burden of demonstrating that a document submitted to a court should be sealed rests on the

party seeking such action."  In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig., No. 14-MD-2542-VSB, 2023 WL 196134, at *1 (S.D.N.Y. Jan. 17, 2023) (quoting DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 826 (2d Cir. 1997)).

Pursuant to the standard set forth by the Second Circuit in Lugosch v. Pyramid Co. of Onondaga, 435 F. 3d 110 (2d Cir. 2006), the Court must first determine whether the documents Plaintiffs seek to file under seal are "judicial documents."  435 F.3d at 119-20; see also Bronx Conservatory of Music, Inc. v. Kwoka, No. 21-CV-1732-AT-BCM, 2021 WL 2850632, at *2 (S.D.N.Y. July 8, 2021) (describing relevant test for sealing).  The unredacted version of the Amended Complaint and the accompanying exhibits are undoubtedly judicial documents, as Plaintiffs concede (docket entry no. 36 at 1), because they embody the pleadings in this case.  Under Seal v. Under Seal, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017) (characterizing pleadings as judicial documents); see also Canders, 2022 WL 17822692, at *2 (explaining that an "amended complaint is a 'judicial document'").

Because the documents at issue are "judicial documents," "a strong presumption of access attaches under both the common law and the First Amendment."  Lugosch, 435 F.3d at 121; see also Next Caller Inc. v. Martire, 368 F. Supp. 3d 663 (S.D.N.Y. 2019) ("The First Amendment accords a strong presumption of public access to pleadings and other judicial documents that 'have historically been open to the press and general public' and 'play[ ] a significant positive role in the functioning of the [judicial] process.'" (quoting Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 141 (2d Cir. 2016))).  The First Amendment presumption "gives rise to a higher burden on the party seeking to prevent disclosure" and "can be overcome only by specific, on-the-record findings" demonstrating "that sealing is necessary to preserve higher values and . . . the sealing order is narrowly tailored to

achieve that aim." Id. at 124-26.  As the parties seeking to file the sealed documents, Plaintiffs "bear[] the burden of showing that higher values overcome the presumption of public access." Alexandria Real Est. Equities, Inc. v. Fair, No. 11-CV-3694-LTS, 2011 WL 6015646, at *2 (S.D.N.Y. Nov. 30, 2011) (citation omitted).

Plaintiffs first argue that sealing is necessary because "the information contained within" the documents at issue "concern[s] sensitive and proprietary information which, if disclosed, would contradict Plaintiffs' privacy interests."  (Docket entry no. 36 at 1.)  Plaintiffs, however, fail to elaborate on this conclusory assertion and offer no explanation of the types of "sensitive and proprietary" information contained within the documents at issue, nor the types of "privacy interests" at stake and how they would be affected by disclosure.  (Id.)  Plaintiffs' reliance on the sealing decision in Samsung C&T America, Inc. v. Tommy Bahama Grp., Inc., No. 20-CV-10348-JPC, is misguided, as that order permitted only the provisional redactions of material "not relevant to the disposition" of the pending motion in that case.  (Mar. 25, 2021 Order at docket entry no. 42.)  Here, in contrast, Plaintiffs seek to seal material that they recognize is at the "center of this dispute" (docket entry no. 36 at 1)—namely, the underlying Work regarding which Plaintiffs seek a declaration of their superior ownership rights.  Evaluations of the underlying Work, and comparisons of the portions allegedly contributed by Plaintiffs and Defendants in this case, will be critical to the resolution of the dispute as to authorship.

Second, Plaintiffs argue that sealing is warranted because disclosure would subject Plaintiffs "to competitive harm within the screen-writing industry" because the Work "remains unfinished" and "will undergo additional edits and alterations to prepare" it to be "shopped to potential buyers." (Docket entry no. 36 at 1-2.)  Plaintiffs argue that disclosure

would provide "future buyers" with the "opportunity of early access to Plaintiffs' still unfinished work, and therefore [give them] a leg-up in the negotiating room, when Plaintiffs sell their Work."  (Id.)

These vague assertions of potential harm are insufficient to overcome the strong presumption of public access to the judicial documents at issue here.  See, e.g., Portal Instruments, Inc. v. Leo Pharma A/S, No. 22-CV-9156-LGS, 2022 WL 17830719, at *2 (S.D.N.Y. Dec. 20, 2022) ("[V]ague and conclusory allegations of potential harm are insufficient to establish good cause." (internal quotation marks and citation omitted)).  The versions of the Work attached as exhibits to the Amended Complaint, and referred to in the Amended Complaint itself, are the versions Plaintiffs claim existed when Plaintiffs terminated their working relationship with Defendant Crededio (Ex. A) on or around November 2, 2019, and their relationship with Defendant Goyle (Ex. B), which appears from the pleadings to have been in or around October 2020.  (Docket entry no. 32 ¶¶ 40-41, 128-32.)  Defendants allegedly registered those versions of the Work, or "derivative[s] thereof" (id.) with the U.S. Copyright Office in November 2019 and October 2020, respectively (id.), and Plaintiffs subsequently applied for and received their own copyright in a version of the work (id. ¶ 132 (alleging date of application for registration as November 27, 2020)).  Plaintiffs also allege that they filed an early draft of the Work with the Writers Guild of America ("WGA") in July 2019 before either Defendant was involved with the project.  (Id. ¶ 10.)  Even if submissions to these registries "are not generally available to the public[,]" as Plaintiffs represent in their letter motion to seal (docket entry no. 36 at 2), it is difficult to ascribe much, if any, weight to Plaintiffs' alleged "privacy interest" in the Work when several versions have already been submitted—by Plaintiffs and by Defendants—to third parties for registration.  Moreover, given Plaintiffs' allegation that the Work "has gone

through many adaptions and permutations," and is "still not finished" as of the filing of the Amended Complaint (docket entry no. 32 ¶ 39), it remains unclear how disclosure of earlier, already-registered versions of the Work will harm Plaintiffs' bargaining power or their ability to sell the Work in the future.  See, e.g., Next Caller Inc., 368 F. Supp. 3d at 667 (finding party's citations "to vague and unspecified business concerns" including that the case "concerns 'confidential and related business interactions' that 'could be used by corporate competitors in a detrimental manner'" were insufficient to justify sealing (citations omitted)).

Finally, Plaintiffs' labeling of the Work as "Confidential" (docket entry no. 36) is not material to the Court's analysis.  Even though Plaintiffs allege that they signed a Confidentiality Agreement with Defendant Crededio concerning her involvement with the Work (docket entry no. 32 ¶¶ 25, 69-63), any previously bargained-for confidentiality between the parties is not sufficient, on its own, to overcome the presumption of access.  See Whittaker v. MHR Fund Mgmt. LLC, No. 20-CV-7599-AT, 2021 WL 4441524, at *4 (S.D.N.Y. Sept. 28, 2021) (quoting Bernstein v. O'Reilly, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018)); Alexandria, 2011 WL 6015646, at *3 ( "[T]he mere existence of a confidentiality agreement covering judicial documents is insufficient to overcome the First Amendment presumption of access.").

Therefore, the Court concludes that Plaintiffs have failed to sufficiently identify any "[h]igher values," Keurig Green Mountain, 2023 WL 196134, at *6, that would justify the sealing of the pleadings in this case that are central to the overall dispute.  Plaintiffs are hereby directed to file unredacted versions of the Amended Complaint and Exhibits A and B thereto on the public docket **by March 24, 2023**.

This Order resolves docket entry no. 36.

SO ORDERED.

Dated: New York, New York
March 16, 2023

 /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge