Law Office of Stephen B. Popernik, PLLC
15 MetroTech Center, 7th Floor
Brooklyn, NY 11201
Tel: (646) 262-9134
Fax: (877) 235-6798
stephen@poperniklaw.com

July 31, 2023

**VIA ECF**

Hon. Laura T. Swain, U.S.D.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: <u>*Gentile et al. v. Doyle*, No. 21 Civ. 8528 (LTS)(OTW)</u>

Dear Judge Swain:

  I represent non-party Cassi Crededio, who previously was a defendant in the above-captioned action and whom Your Honor terminated from the case in a Memorandum and Order dismissing the claims against her dated March 31, 2023 (ECF No. 47). I write to provide Ms. Crededio's position concerning the Second Amended Complaint filed thereafter ("SAC") (ECF. No. 52), specifically the allegations and claims for relief it directs at her despite the fact that she is no longer a party to this case.

  *First*, Ms. Crededio respectfully submits that the motion of Defendant Kevin Doyle to dismiss the SAC (ECF Nos. 56 and 57), at minimum to the extent it asks the Court to strike the allegations and claims for relief against her, can and should be granted. *Second*, Ms. Crededio respectfully submits that this Court also has the power to strike the allegations and claims in question *sua sponte*, because they were brought in violation of Rule 15 and because they are barred by collateral estoppel. Thus, Ms. Crededio does not seek intervention at this time because her interests are adequately protected, and re-entering the case would be an unfair burden.

  1. **<u>Defendant's Motion To Strike The Allegations Against Ms. Crededio Should Be Granted, And She Should Not Be Required To Intervene To Protect Her Rights.</u>**

  Mr. Doyle is right that Plaintiffs' assertion of claims against her as a non-party is "plainly improper" and even "scandalous." The Complaint and First Amended Complaint in this case (ECF Nos. 1 and 31) each sought a declaration that Plaintiffs were the authors of a screenplay that had been registered with the U.S. Copyright Office by Ms. Crededio, and that her registration was therefore invalid. Those pleadings also sought similar relief against Mr. Doyle concerning works he had registered, and damages for infringement against both. Your Honor's March 31 decision held that the First Amended Complaint failed to state a claim for relief insofar as it concerned Ms. Crededio, and terminated her as a defendant.

  After negotiations between the remaining parties (discussed further below), a Second Amended Complaint followed. In it, despite Your Honor's order terminating Ms. Crededio from the case, Plaintiffs nevertheless still seek "a declaration that the copyright registration held by

*Hon. Laura T. Swain, U.S.D.J.*
*Page 2 of 4*

Ms. Crededio is invalid on account of her committing fraud on the U.S. Copyright Office by failing to list Plaintiffs as co-authors of the Work she registered with the U.S. Copyright Office . . . ." (SAC ¶ 138.)  Notably, as explained in Defendant Doyle's pending motion, Def. Br. at 13-14, this amounts to Plaintiffs' <u>third</u> substantive copyright theory as it pertains to the work covered by Ms. Crededio's registration: Judge Broderick and Your Honor both rejected their original theory that the screenplay in question was a work made for hire (*see* ECF Nos. 28 and 47); and Your Honor also rejected the theory that Plaintiffs were the exclusive original authors of the work.  Plaintiffs now claim *joint* authorship, purportedly as a basis for continuing their preposterous crusade against Mr. Doyle.[1]

      Mr. Doyle is also correct that an order granting the relief Plaintiffs are seeking "would likely violate Ms. Crededio's right to due process." Def. Br. at 14.  Thus, under some similar circumstances, the appropriate course of action would be for Ms. Crededio to seek intervention, or for this Court to order compulsory joinder.  *See* Fed. R. Civ. P. 19 and 24.  However, either outcome would have the unfair and absurd result that Ms. Crededio would be forced to <u>re-enter the case</u> to defend the third set of claims against her, <u>despite having already been terminated</u> as a defendant.

      Accordingly, Ms. Crededio's position as a non-party is that her interests currently are adequately protected by Mr. Doyle's motion and by this Court's authority to strike the claims against her *sua sponte* (discussed further below), and she respectfully reserves the right to seek intervention only if and when the circumstances warrant.

    **2.** **<u>The SAC's Claims Against Ms. Crededio Can Be Striken *Sua Sponte* Because They Did Not Comply With Rule 15 And Are Barred By Collateral Estoppel.</u>**

      In addition to the reasons asserted by Mr. Doyle, the claims against Ms. Crededio in the SAC can be stricken by this Court *sua sponte* because (A) they were brought in violation of Rule 15 and (B) they are barred by collateral estoppel.

A.    <u>Rule 15</u>

      The allegations and claims against Ms. Crededio in the SAC are a blatant end-run around Rule 15 and should be stricken for that reason alone.

      To elaborate on the relevant procedural history: Once the claims against Ms. Crededio had been dismissed pursuant to Your Honor's March 31 Memorandum and Order, the remaining parties apparently met and conferred with respect to a motion for judgment on the pleadings that was at the time being contemplated by Mr. Doyle.  As a result of those discussions, on April 17, 2023, the parties filed a stipulation (ECF No. 49) jointly seeking permission for Plaintiffs to file a Second Amended Complaint.  It read, in relevant part:

---

[1] Plaintiffs assert that the SAC does not seek relief against Ms. Crededio, and "merely allege[s] facts to support their claim that Ms. Crededio's attempt to grant permission to Mr. Doyle does not establish *his* rights . . . ." Pl. Br. at 17.  But their new cause of action seeking to void her copyright registration clearly does implicate her rights.  *See* Def. Reply Br. at 7-8 (ECF. No. 69).

> WHEREAS on April 10, 2023, . . . counsel for Doyle asked counsel for Plaintiffs whether Plaintiffs intended ***to amend their claims against Doyle***, and counsel for Plaintiffs advised that they did intend to amend their claims in a second amended complaint;
>
> NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for Plaintiffs and Defendant, as follows:
>
> 1. Doyle hereby consents to the filing of Plaintiffs' second amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2)[.]

(ECF No. 49) (emphasis added).  Critically, Mr. Doyle did not grant his content for Plaintiffs to amend or reassert any claims against Ms. Crededio, ***nor could he have***.  Judge Wang, the Magistrate Judge assigned to this case, granted the parties' request on April 21, 2023 in an Order reading as follows:

> Plaintiffs and Defendant Kevin Doyle filed a proposed stipulation regarding Plaintiffs' Amended Complaint. (ECF 49).  Plaintiffs shall file their second amended complaint by May 5, 2023.  SO ORDERED.

(ECF No. 51.)

In short, nowhere in the parties' agreement, nor in Judge Wang's Order, was any suggestion that Plaintiffs had consent or leave to reassert claims against Ms. Crededio.

But they did so anyway.  That is reason enough to strike their allegations and claims against her.  "Failure to obtain leave of court or consent of adversaries can be met with myriad consequences, [including] striking the pleading[.]" *Azzarmi v. Neubauer*, 20 Civ. 9155, 2022 WL 4357865 at *5 (S.D.N.Y. Sep. 20, 2022).  Courts may, and routinely do, strike improperly filed pleadings on their own initiative.  *See, e.g.*, *Lord v. City of New York*, 20 Civ. 3890 (LTS)(SDA), Dkt. No. 159, at *1 (S.D.N.Y. Nov. 3, 2022).[2]  Plaintiffs have thumbed their noses at this Court's March 31 disposition of their claims against Ms. Crededio by simply reasserting the same ones against her without permission, and the Court can and should strike them.

---

[2] It goes without saying that Ms. Crededio would not have consented to the amendments in question if they had been presented to her.  Even if Plaintiffs had sought leave to make those amendments without her consent, this Court would have had ample reason to deny it, because their allegation of joint authorship blatantly contradicts their prior allegations of exclusive authorship.  *Cf., e.g.*, *Contant v. Bank of Am. Corp.*, 17 Civ. 3139, 2018 WL 5292126, at *3 (S.D.N.Y. Oct. 25, 2018) (observing that in "a case where Plaintiffs have blatantly changed their version of facts known personally to them," the amendment would "suggest[] bad faith.").

*Hon. Laura T. Swain, U.S.D.J.*
*Page 4 of 4*

      B.    <u>Collateral Estoppel</u>

Plaintiffs' new allegations against Ms. Crededio also can and should be stricken because, if they had been brought in a new action, they would unquestionably be barred by collateral estoppel. In that light, they cannot possibly be proper in an amended pleading here.

> Under the doctrine of claim preclusion, also known as *res judicata*, a litigant may not bring a new case that includes claims or defenses that were or could have been raised in an earlier case in which the same parties were involved if that case resulted in a judgment on the merits.

*Komatsu v. Urban Pathways, Inc.*, 22 Civ. 9080 (LTS), 2023 WL 419699, at *7 (S.D.N.Y. Jan. 26, 2023) (citing *Brown v. Felsen*, 442 U.S. 127, 131 (1979)) (quotation marks omitted).

The SAC very clearly seeks the same relief against Ms. Crededio (in the same form) as the earlier pleadings did. *Compare* FAC ¶ 143 ("Plaintiffs are entitled to a declaration that the copyright registration held by Ms. Crededio and Mr. Doyle respectively are invalid") *with* SAC ¶ 138 ("Plaintiffs are entitled to a declaration that the copyright registration held by Ms. Crededio is invalid . . ."). And dismissal for failure to state a claim, as was the case here, constitutes a judgment on the merits. *See id.* Thus, whether or not Plaintiffs have successfully concocted a viable new theory of authorship under the Copyright Act (they have not), they are barred from bringing the same claim for relief against her.

Importantly, this Court has the authority to bar a claim for reasons of *res judicata* on its own initiative. *See Komatsu*, 2023 WL 419699, at *7 n.3. As a matter of fairness, the Court should not permit an amendment that would be barred by claim preclusion in a subsequent proceeding, and should strike the SAC's claim for relief concerning Ms. Crededio.

                        *     *     *

For the foregoing reasons, Ms. Crededio supports Mr. Doyle's motion, and respectfully informs the Court that she does not seek intervention at this time but respectfully reserves her right to do so if and when the circumstances warrant. Thank you for your consideration.

                                                Sincerely,

                                                /s/ Stephen B. Popernik

                                                Stephen B. Popernik, Esq.

cc:     All parties (via ECF)