IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER GENTILE, and JUAN A. CRAWFORD. <br><br> Plaintiffs and Counterclaim Defendants, <br><br> v. <br><br> KEVIN DOYLE <br><br> Defendant and Counterclaim Plaintiff. | Case No. 1:21-cv-08528 (LTS) (OTW) |

**REPORT OF RULE 26(f) MEETING AND**
**PROPOSED AMENDED AND RESTATED CASE MANAGEMENT PLAN**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties spoke on May 2, 2024 and exchanged communications thereafter, and submit the following report of their meeting for the Court's consideration.

**1.      Summary of Claims, Defenses, and Relevant Issues**

This case involves a dispute regarding the various copyrights associated with a television series set in 19th Century Wyoming.  This Court's January 2, 2024 Order granted Mr. Doyle's motion to dismiss Plaintiffs' claims in the Second Amended Complaint.  Thus, only Mr. Doyle's counterclaims against former Plaintiffs, Christopher Gentile and Juan A. Crawford, remain.

Counterclaim Defendants: Mr. Gentile and Mr. Crawford contend that they are at minimum co-authors with Mr. Doyle concerning the version of the work Mr. Doyle has filed with the U.S. Copyright Office and therefore have not willfully infringed on any of Mr. Doyle's copyrights.  Alternatively, in the event Mr. Doyle is found to be the sole and exclusive author of

the four copyrighted works bearing registration numbers PAu004052332, PAu004054496, and PAu0004110648 (which Mr. Gentile and Mr. Crawford dispute), Mr. Gentile and Mr. Crawford contend that they have not engaged in any conduct that constitutes willful infringement of Mr. Doyle's copyrights.

Counterclaim Plaintiff:  Mr. Doyle contends that he is the sole and exclusive author of the four copyrighted works bearing registration numbers PAu004052332, PAu004054496, and PAu0004110648. Mr. Doyle maintains that Mr. Crawford's and Mr. Gentile's respective efforts to distribute, pitch, or otherwise benefit from the various works, or derivatives thereof, constitute willful infringement of his copyrights.

2.    **Basis of Subject Matter Jurisdiction**

This Court has subject matter jurisdiction of this action pursuant to the Copyright Act and the Judicial Code, 28 U.S.C. §§ 1331 and 1338(a).

3.    **Subjects on Which Discovery May Be Needed**

Counterclaim Defendants:  Mr. Gentile and Mr. Crawford intend to seek discovery into: (i) communications between Ms. Credidio and Mr. Doyle concerning the script or any prior or subsequent version of the script that is the subject of this action; (ii) communications between Ms. Credidio and Mr. Doyle concerning this action; (iii) communications among Mr. Doyle, Mr. Gentile and Mr. Crawford concerning the script or any prior or subsequent version of the script that is the subject of this action; (iv) Mr. Doyle's purported authorship of the script or any prior or subsequent versions of the script; (v) Mr. Doyle's attempts to shop the script or any prior or subsequent versions of the script; and (vi) any alleged infringement on Mr. Doyle's copyright by Mr. Gentile and/or Mr. Crawford.

Counterclaim Plaintiff:  Mr. Doyle intends to seek discovery into: (i) all current, former, or operative drafts of any scripts or pitch materials related to his work on the subject television

series, "Wonderland: The Equality State" (the "Work"), and any registrations with the U.S. Copyright Office and/or the Writers Guild of America that Counterclaim Defendants have made regarding the Work; (ii) communications among Ms. Credidio, Mr. Crawford and Mr. Gentile concerning this action or the Work; (iii) communications with any individuals, companies, agencies, or other recipients to whom Mr. Crawford and Mr. Gentile have (or purported to have) pitched, licensed, distributed, or otherwise shared any part of the Work; (iv) an accounting of any proceeds or other benefits promised to or received by Mr. Crawford or Mr. Gentile regarding the same; and (v) any alleged willful infringement on Mr. Doyle's copyrights by Mr. Gentile and/or Mr. Crawford. Mr. Doyle reserves the right to seek further discovery necessary to support his counterclaim.

4. **Informal Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was disclosed by the Parties on May 17, 2023. In addition, on June 30, 2023, the Parties produced an initial set of relevant documents identified in their respective Initial Disclosures and will continue to supplement their productions.

5. **Formal Discovery**

The parties jointly propose the following discovery plan:

    a. All fact discovery must be completed by August 23, 2024.

    b. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in 5(a) above.

        i. <u>Requests for Production</u>: Initial requests for production were exchanged on May 18, 2023 (the "Initial Requests"). The Parties produced documents responsive

to these initial requests for production on June 30, 2023. On October 5, 2023, this Court entered an Order staying discovery. As a result of the Order, the Parties were not able to complete their productions of documents responsive to the Initial Requests. Therefore, any subsequent productions of documents shall be exchanged by June 28, 2024.

    ii.  <u>Depositions</u>:  Depositions shall be completed by August 23, 2024.:

<u>Counterclaim Defendants' Position</u>: Mr. Gentile and Mr. Crawford contend that depositions should be limited to the following individuals: Cassi Crededio, Kevin Doyle, Christopher Gentile, and Juan A. Crawford.  Further, Counterclaim Defendants contend that all deponents should appear in person in a location within this District. However, if Mr. Doyle is permitted to conduct his deposition remotely, it is Counterclaim Defendants' position that all deponents be permitted to conduct their depositions remotely.

<u>Counterclaim Plaintiff's Position</u>: Mr. Doyle contends that depositions should be limited to the following individuals: Cassi Crededio, Kevin Doyle, Christopher Gentile, Juan A. Crawford, Pamela Veasey, and Evan Hainey, but may be expanded to up to an additional two (2) depositions per party reasonably based on what is discovered through ongoing discovery. Mr. Doyle further contends that all deponents shall appear in person in New York City, or at a location agreed upon by the Parties, except that, if the Parties are unable to schedule Mr. Doyle's deposition during a time that he is otherwise traveling to the United States, Mr. Doyle's deposition may be taken remotely by videoconference because he is currently living outside of the United States.

    iii.  <u>Interrogatories</u>:  The Parties exchanged initial sets of interrogatories served on June 16, 2023.  The Parties shall serve any subsequent interrogatories by June 14, 2024.

4

        iv.       <u>Requests for Admission</u>:  Requests for admission must be served on or before July 12, 2024.

        v.       <u>Supplementation</u>:  Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

**6.    Anticipated Discovery Disputes**

The parties do not anticipate any discovery disputes at this time, and the parties seek to limit the parameters of discovery to the limitations provided herein, subject to the parties' reservation of their respective rights to expand discovery in a manner reasonably related to what is discovered through ongoing discovery.

**7.    Expert Witness Disclosures**

<u>Counterclaim Defendants' Position</u>: It is Mr. Gentile's and Mr. Crawford's position that expert discovery is not necessary in this action.

<u>Counterclaim Plaintiff's Position</u>:  It is Mr. Doyle's position that expert discovery is not likely to be necessary in this action.  To the extent that either party reasonably believes that utilizing an expert will be necessary, however, Mr. Doyle requests that expert discovery shall be completed by September 13, 2024.

**8.    Electronic Discovery and Preservation of Information**

Electronic discovery and the preservation of information shall be governed by the Parties' July 11, 2023 *Stipulation and Order RE: Discovery of Electronically Stored Information and Hard Copy Documents*.

**9.    Anticipated Motions**

Counterclaim Defendants Mr. Gentile and Mr. Crawford may file a motion for summary judgment at the close of discovery.

Counterclaim Plaintiff Doyle may also file a motion for summary judgment at the close of discovery.

10. **Early Settlement or Resolution**

The parties continue to discuss the possibility of settlement. The parties request a settlement conference by no later than 60 days prior to the commencement of trial.

11. **Trial**

Counterclaim Plaintiff Doyle has requested equitable relief in the form of a judgment declaring the validity and ownership of his copyrights, injunctive relief under 17 U.S.C. § 503, including preventing and/or restraining Counterclaim Defendants from further infringing Mr. Doyle's copyrights, and statutory damages under 17 U.S.C. § 504.

    a. The parties anticipate that this case will be ready for trial by December 9, 2024.

    b. The parties anticipate that the trial will require three (3) days.

    c. <u>Consent to Magistrate Judge</u>

<u>Counterclaim Defendants</u>: Mr. Gentile and Mr. Crawford consent to a trial presided over by Magistrate Judge Wang.

<u>Counterclaim Plaintiff</u>: Mr. Doyle does not consent to a trial before a Magistrate Judge at this time.

    d. <u>Jury or Bench Trial</u>

<u>Counterclaim Defendants</u>: In the event Magistrate Judge Wang presides over the trial, Mr. Gentile and Mr. Crawford consent to a bench trial. In the event that Judge Swain presides over the trial, Mr. Gentile and Mr. Crawford do not consent to a bench trial.

<u>Counterclaim Plaintiff</u>: Mr. Doyle requests a bench trial.

12. **Other Matters**

There are no other matters the parties wish to raise at this time.

Dated: May 3, 2024

New York, New York

**GRANT & EISENHOFER P.A.**

*/s/     Caitlin M. Moyna*
Jay W. Eisenhofer
Caitlin M. Moyna (Admitted - Bar No. 3278)
Thomas Walsh
485 Lexington Avenue
New York, New York 10017
jeisenhofer@gelaw.com
cmoyna@gelaw.com
twalsh@gelaw.com
*Counsel for Plaintiffs and Counterclaim Defendants Christopher Gentile and Juan Crawford*

**CRAVATH, SWAINE & MOORE LLP**

*/s/     Nathan K. Noh*
Michael A. Paskin
Nathan K. Noh
Two Manhattan West
375 Ninth Avenue
New York, New York 10001
mpaskin@cravath.com
nnoh@cravath.com
*Counsel for Counterclaim Plaintiff Kevin Doyle*

**SO ORDERED.**

_____
Ona T. Wang
U.S.M.J.
5/30/2024

7