IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER GENTILE, and JUAN A. CRAWFORD,<br><br>        Counterclaim Defendants,<br><br>v.<br><br>KEVIN DOYLE,<br><br>        Defendant and Counterclaim Plaintiff. | Case No. 1:21-cv-08528 |

**MEMORANDUM OF LAW IN SUPPORT OF GRANT & EISENHOFER'S MOTION TO <u>WITHDRAW AS COUNSEL PURSUANT TO LOCAL CIV. R. 1.4.</u>**

Grant & Eisenhofer P.A. ("Grant & Eisenhofer"), counsel to former Plaintiffs and current Counterclaim Defendants Christopher Gentile and Juan A. Crawford (the "Counterclaim Defendants"), in the above captioned action, respectfully submits this memorandum of law, together with the accompanying Declaration of Caitlin M. Moyna in Support of Grant & Eisenhofer's Motion to Withdraw as Counsel (the "Declaration"), for an order pursuant to Local Rule 1.4 of the Local Civil Rules for the Southern District of New York (the "Local Rules") and Rules 1.16(b)(3) of the New York Rules of Professional Conduct (the "New York Professional Rules"): (i) granting Grant & Eisenhofer leave to withdraw as counsel to Counterclaim Defendants; and (ii) granting Grant & Eisenhofer such other relief as deemed proper by the Court.

I. **ARGUMENT**

Grant & Eisenhofer seeks leave to withdraw as counsel to Counterclaim Defendants in this action. Due to a deterioration of the attorney-client relationship leading to irreconcilable differences between counsel and Counterclaim Defendants, by email dated September 9, 2025, Counterclaim Defendant Christopher Gentile notified Grant & Eisenhofer that he and Counterclaim Defendant Juan A. Crawford wish to sever the attorney-client relationship with Grant & Eisenhofer as it pertains to this action, and expect to retain new counsel promptly to represent them in this matter. Therefore, pursuant to Local Civil Rule 1.4, Grant & Eisenhofer files this motion for withdrawal from this action.

Local Civil Rule 1.4 states:

An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the

> calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

Loc. Civ. R. 1.4; *Schwartz v. AMF Bowling Center, Inc.*, 2024 WL 3912303 (Aug. 23, 2024). Decisions whether to grant counsel withdrawal requests are committed to the sound discretion of the trial court. *City Merchandise Inc. v. Tian Tian Trading Inc.*, 2021 WL 119075, at *2 (S.D.N.Y. Jan. 13, 2021) ("District courts have broad discretion in deciding a motion to withdraw."). This decision of whether to grant withdrawal is based on two factors: (1) the reasons for withdrawal and (2) the timing of the proceeding. *Id.* In weighing the second factor, courts consider "the immediacy and degree of potential harm – whether to the client, the lawyer or the judicial system – from the continuation of the representation . . . together with the impact that the grant of the motion to withdraw would have on the progress of the case." *Id.*

Rule 1.16(b)(3) of the Rules of Professional Conduct of the New York State Unified Court System, Part 1200, states that a lawyer "shall withdraw from the representation of a client when the lawyer is discharged." *See Vega v. HSBC Secs. (USA) Inc.*, 2019 WL 3162178, at *1 (May 10, 2019 S.D.N.Y.) (granting motion to withdraw where the party discharged his counsel). As indicated in Exhibit 1 to the Declaration, the Counterclaim Defendants have "released" Grant & Eisenhofer from representing them in this action due to "irreconcilable differences." Under NYRPC 1.16(b), Grant & Eisenhofer is therefore required to withdraw as counsel. "Courts within this district have consistently held that, "while Local Rule 1.4 requires a court order to withdraw, when counsel has been discharged – and agreed to the termination – the order to withdraw should issue except under the most compelling circumstances." *Casper v. Lew Lieberbaum & Co., Inc.*, 1999 WL 335334, at *4 (S.D.N.Y. May 26, 1999).

Granting Grant & Eisenhofer's withdrawal will not unnecessarily delay the progress of the action. First, discovery is still open. "Where discovery has not yet closed and the case is not on the verge of trial readiness, prejudice is unlikely to be found." *City of Merchandise Inc.*, 2021 WL 119075, at *2. Here, document discovery is scheduled to end on September 20, 2024. ECF No. 93. Grant & Eisenhofer has collected certain documents from Counterclaim Defendants, which it will provide to their new counsel promptly. Further, Counterclaim Plaintiff has only identified six individuals it is likely to depose. ECF No. 90 at 4. In addition, no trial date has been set by the Court, and the action has a trial-ready date of December 9, 2024. *Id*. Counterclaim Plaintiff Doyle has indicated he only expects the trial to last three (3) days, ECF No. 90 at 6. Given the relatively small universe of discovery and straightforward issues to be litigated in this action, Counterclaim Defendants' new counsel should not require extensive time to prepare for depositions and trial. Courts have granted motions to withdrawal under similar circumstances and when the parties are even further along in discovery than those here. *See Privado Marketing Group LLC v. Eleftheria Rest. Corp.*, 2016 WL 11947502, at *2 (S.D.N.Y. Nov. 4, 2016) (granting motion to withdraw for second time after summary judgment papers have been briefed); *Marciano v. DCH Auto Group*, 2016 WL 11703590, at *2 (S.D.N.Y. Feb. 2, 2016) (grating motion to withdraw as counsel even though "discovery is well underway, and arbitration has commenced").

Grant & Eisenhofer does not seek a charging lien in connection with this Motion.

**II.     CONCLUSION**

For the foregoing reasons, Grant & Eisenhofer respectfully request that this Court grant its Motion to Withdraw as Counsel to Counterclaim Defendants in this action.

Dated: September 10, 2024

                                        **GRANT & EISENHOFER P.A**.

                                        */s/ Caitlin M. Moyna*
                                        Jay W. Eisenhofer
                                        Caitlin M. Moyna
                                        Thomas Walsh
                                        485 Lexington Avenue
                                        New York, New York 10017
                                        jeisenhofer@gelaw.com
                                        cmoyna@gelaw.com
                                        twalsh@gelaw.com