# CRAVATH

Nathan Noh
nnoh@cravath.com
T+1-212-474-1707
New York

September 27, 2024

**Re: *Gentile et al. v. Doyle*, 21-cv-08528 (LTS) (OTW)**

Dear Judge Wang:

  Pursuant to Rules I(b) and II(e) of Your Honor's Individual Rules & Practices in Civil Cases and the Court's Order on September 19, 2024 (ECF No. 101), we submit on behalf of both Parties the proposed agenda for the In-Person Status Conference scheduled for Wednesday, October 2, 2024 at 10:30 a.m.

  The parties believe that the following topics should be discussed with the Court during the upcoming In-Person Status Conference: (1) the status of discovery and a plan for completion that preserves the trial-ready date of December 9, 2024; and (2) the pending Motion to Withdraw as Counsel filed by Grant & Eisenhofer P.A. ("G&E") (ECF No. 95) and the status of Mr. Gentile and Mr. Crawford's engagement of proposed substitute counsel.

1. **Status of Discovery**

  A. <u>Discovery Schedule</u>

  On May 30, 2024, the Court entered a discovery schedule, setting the deadline for document production as June 28, 2024 and completion of fact discovery as August 23, 2024. Mr. Doyle completed his production of documents on June 28, 2024 in accordance with the schedule. Counterclaim Defendants did not. In response to a letter from Mr. Doyle, Counterclaim Defendants informed Mr. Doyle on July 23, 2024 that they had identified additional repositories containing a substantial number of documents and information that Counterclaim Defendants had not previously searched or reviewed. (ECF No. 93 at 2.) The Parties therefore requested an extension to allow Counterclaim Defendants to meet their discovery obligations. (*Id.*)

  On August 23, 2024, the Court entered the order governing case schedule set forth in the parties' Stipulation and Amended Order Governing Case Schedule (*id.*), which modified the Court's previous May 30, 2024 order governing case schedule set forth in the parties' Report of Rule 26(f) Meeting and Proposed Amended and Restated Case Management

**NEW YORK**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
CityPoint
One Ropemaker Street
London EC2Y 9HR
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006-1682
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

Plan (ECF No. 90) following the Court's discovery stay ordered on October 5, 2023 (ECF No. 73).

On September 18, 2024, Counterclaim Defendants requested a subsequent extension to the deadline to complete subsequent productions of documents and the deadline to file this joint status report (ECF No. 100), to which Mr. Doyle did not consent. The Court granted the extension on September 19, 2024 (ECF No. 101). The following deadlines are currently in effect for this case:

 i. Completion of All Subsequent Productions of Documents: October 2, 2024 (ECF No. 101), as extended from the amended deadline of September 20, 2024 (ECF No. 93)

 ii. Completion of All Fact Discovery: November 5, 2024 (*Id.*)

 iii. Completion of All Depositions: November 5, 2024 (*Id.*)

 iv. Anticipated Trial-Ready Date: December 9, 2024 (*Id.*)

 B. <u>Document Productions</u>

As of the date hereof, Mr. Doyle is awaiting supplemental document productions from Counterclaim Defendants. The history of document productions exchanged is as follows:

 i. *First Document Productions*: On July 14, 2023, the parties exchanged their first set of document productions.

 ii. *Second Document Productions*: On June 28, 2024, the parties exchanged their second set of document productions. Counterclaim Defendants produced 2,613 documents consisting of 4,500 pages, on this date. Counsel for Counterclaim Defendants believed at the time that no additional responsive documents existed and that this completed their document production. Mr. Doyle completed his document production on this date, as required by the Case Management Plan ordered by this Court on May 30, 2024.

 iii. *Supplemental Document Productions*:

  (1) On July 12, 2024, Mr. Doyle sent Counterclaim Defendants a letter raising several concerns about their document productions, including, *inter alia*, their failure to collect or produce relevant documents and information (1) from emails and text messages, (2) from shared drives and folders, (3) from communications between Counterclaim Defendants, (4) from communications with Cassi Crededio, (5) during the periods before September 2022 and after May 2023, and (6) responsive to Mr. Doyle's second set of requests for the production of documents.

  (2) Counterclaim Defendants' counsel investigated the concerns raised by Mr. Doyle, and on July 23, 2024, notified Mr. Doyle that they had identified additional repositories containing a substantial

2

(3) On August 2, 2024, the parties met and conferred regarding Mr. Doyle's letter raising concerns about Counterclaim Defendants' document productions.

(4) On August 8, 2024, Counterclaim Defendants indicated their intent to produce supplemental documents collected from previously-not-searched locations on a rolling basis.

(5) On August 18, 2024, Counterclaim Defendants indicated by email that they would begin producing supplemental document productions on a rolling basis by August 23, 2024.

(6) On August 23, 2024, the Court granted an extension of the deadline to complete document production until September 20, 2024 (ECF No. 93).

(7) On September 17, 2024, the parties met and conferred regarding the supplemental document production deadline. Counterclaim Defendants requested another extension thereto, to which Mr. Doyle objected.

(8) On September 19, 2024, the Court granted Counterclaim Defendants' letter motion to extend the document production deadline to October 2, 2024 (ECF No. 101).

As of the date hereof, Counterclaim Defendants have not made even a single document production since Mr. Doyle identified (and Counterclaim Defendants acknowledged) various deficiencies in their document productions, despite their assurances that they would begin doing so by August 23, 2024.

C. Requests for Admission

i. Mr. Doyle's Position:

On August 12, 2024, Counterclaim Defendants served Mr. Doyle with non-substantive responses, in which they unilaterally granted themselves until August 26, 2024 additional time to provide substantive responses.

As of the date hereof (more than a month after Counterclaim Defendants' self-granted extension expired), Counterclaim Defendants have not supplemented their responses to Mr. Doyle's first set of requests for admission with substantive responses.

ii. Counterclaim Defendants' Position:

On July 12, 2024, Mr. Doyle served his first set of requests for admission on Counterclaim Defendants', whose responses were due on August 12, 2024. In light of the additional documents that had been discovered, Counterclaim Defendants' counsel requested an extension of time to serve responses to the requests for admission, asking for an additional two weeks, which Mr. Doyle denied. Thus, Counterclaim Defendants were unable to serve

substantive responses to Mr. Doyle's first set of requests for admission, on August 12, 2024, and opted instead to serve responses indicating that they needed additional time to ensure the accuracy of the responses.

    D.    <u>Third Party Subpoenas</u>

On July 31, 2024, Mr. Doyle gave Counterclaim Defendants notice of his intent to serve subpoenas for the production of documents upon non-parties Pam Veasey, Lyriq Bent, and Evan Hainey. To date, a small number of responsive documents have been produced only by Evan Hainey.

    E.    <u>Depositions</u>

No depositions have been noticed or taken as of the date hereof.

    i.    <u>Mr. Doyle's Position</u>

    (1)    <u>Mr. Doyle's Deposition</u>

As Counterclaim Defendants know, Mr. Doyle lives in Europe, in cities that are seven hours ahead of Eastern Standard Time. To avoid the inevitable challenges associated with cross-border, cross time-zone depositions, Mr. Doyle notified Counterclaim Defendants on August 23, 2024 of his availability to sit for an in-person deposition in New York City from September 23, 2024 through October 8, 2024. Mr. Doyle subsequently followed up with Counterclaim Defendants on September 2, 2024 and September 10, 2024[1] regarding the same and did not receive a response from Counterclaim Defendants.

Mr. Doyle has incurred great personal expense to be in the United States and available for an in-person deposition during a reasonable period from September 23, 2024 through October 8, 2024, based on a discovery schedule originally endorsed by the Court in May 2024 (and extended by the Court as a result of Counterclaim Defendants' deficient document productions). In addition to the known discovery schedule, significant advance notice about Mr. Doyle's in-person availability was given to Counterclaim Defendants, with repeated attempts to follow up and agree on a deposition date met with no response. Further, given that Mr. Doyle completed his document productions by the originally scheduled deadline of June 28, 2024, there is no reason why Mr. Doyle's deposition could not occur in the proposed window.

Mr. Doyle asserts that Counterclaim Defendants should depose him in person during the dates originally offered, and respectfully requests that the Court order that Mr. Doyle is excused from sitting for a deposition in this case if he is not deposed by October 8, 2024, after which he is scheduled to return to his current residence in Europe. Counterclaim Defendants' improper conduct in this case merits a finding that they have waived their right to conduct a deposition of Mr. Doyle.

    (2)    <u>Other Depositions</u>

Because Counterclaim Defendants have not yet completed document production, Mr. Doyle has not finalized the list of witnesses he intends to depose. At this time, Mr. Doyle

---

[1] Mr. Doyle sent this email before Grant & Eisenhofer filed its motion to withdraw on the same day.

4

anticipates that he will depose Counterclaim Defendants and between three and six third parties, subject to review of supplemental document productions.

Mr. Doyle further maintains his position that all other depositions should be conducted in person. In particular, Counterclaim Defendants initially brought this action in this district and therefore should be required to appear for an in-person deposition in New York City.

ii. Counterclaim Defendants' Position

On May 3, 2024, Mr. Doyle stated his position on the location for depositions as follows: that "all deponents shall appear in person in New York City, or at a location agreed upon by the Parties, except that, if the Parties are unable to schedule Mr. Doyle's deposition during a time that ***he is otherwise traveling to the United States***, Mr. Doyle's deposition may be taken remotely by videoconference because he is currently living outside of the United States." ECF No. 86 at 4 (emphasis added).

On August 23, 2024, Mr. Doyle notified Counterclaim Defendants of his availability to sit for an in-person deposition in New York City from September 23, 2024 through October 8, 2024. Specifically, Ms. Dwyer informed Ms. Moyna and Mr. Walsh on August 23, 2023, that although Mr. Doyle lives in Estonia, "[h]e is planning to be in New York for a few weeks this fall."

Thus, it is unlikely that Mr. Doyle scheduled a trip to New York specifically to appear for an in-person deposition in this action. Indeed, if he had intended to travel to New York specifically to appear for an in-person deposition, he would have confirmed that the proposed dates are amenable to Counterclaim Defendants prior to booking his trip, particularly considering that the discovery deadline extends one month past the dates he will be in New York.

In addition, Counterclaim Defendants themselves now live in places other than New York City. Mr. Crawford currently resides in Los Angeles and Mr. Gentile is scheduled to be in Argentina for the month of October on a work-related assignment.

Therefore, Counterclaim Defendants' current position is that all depositions be allowed to proceed remotely by videoconference.

Counterclaim Defendants do not believe that additional depositions are needed, but to the extent that they occur, request that they be scheduled at a time and location so that they or their new counsel can participate.

F. Anticipated Discovery Motions

i. Mr. Doyle's Position

Mr. Doyle has endeavored at every turn to meet and confer with Counterclaim Defendants to avoid burdening the Court with discovery disputes. However, it has become clear that Counterclaim Defendants do not intend to meet their discovery obligations absent a court order. Accordingly, if Counterclaim Defendants do not promptly produce responsive documents and supplement their written discovery responses, Mr. Doyle will have no choice but to file motions to compel the production of these documents and supplemental written discovery responses.

5

ii.     Counterclaim Defendants' Position

Counterclaim Defendants do not anticipate any discovery motions at this time.

2. **Potential Settlement Discussions**

The parties agree that settlement is not likely to occur at this time.

3. **October 2, 2024 Hearing**

   A.   Mr. Doyle's Position

In preparing this joint submission, Mr. Doyle learned that Counterclaim Defendants do not intend to attend the October 2, 2024 hearing, despite a clear and unambiguous order from this Court saying that they "must appear in person". (Dkt. 98) (emphasis in original). If Counterclaim Defendants do not appear in-person in accordance with the Court's order, they should be ordered to show cause why contempt sanctions should not issue. *Al Hirschfeld Foundation v. Margo Feiden Galleries Ltd.*, 438 F. Supp. 3d 203, 207 (S.D.N.Y. 2020) ("A court may hold a party in civil contempt for failure to company with a court order if "(1) the order the party failed to comply with is clear and ambiguous; (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner."); *see also* Federal Rule of Civil Procedure 70(e).

Mr. Doyle and his counsel will appear at the hearing in person.

   B.   Counterclaim Defendants' Position

Counterclaim Defendants have notified Grant & Eisenhofer that they do not intend to appear in person at the October 2, 2024 hearing. Mr. Gentile is currently in Los Angeles and is scheduled to leave for a month to Argentina on October 1, 2024, both for a work-related assignment and has advised that it is impossible for him to travel to New York City on October 2nd. Mr. Crawford has advised that he is "unavailable to attend [the hearing] in person" due to Mr. Crawford's "tending to personal matters" but that he is available to attend via videoconference.

Grant & Eisenhofer will appear in person on October 2, 2024.

4. **Outstanding Motions**

On September 10, 2024, G&E filed a Motion to Withdraw as Counsel (ECF No. 95) to Counterclaim Defendants (the "Motion").[2] This Court acknowledged receipt of the Motion (ECF No. 98) and, without deciding the Motion, ordered Counterclaim Defendants to file a proposed substitution of counsel on the docket by September 27, 2024 or otherwise expect to proceed *pro se*.

---

[2] Mr. Doyle observes that G&E's purported Motion to Withdraw as Counsel is not in compliance with Section III(b) of the Individual Practices in Civil Cases of the Honorable Ona T. Wang, United States Magistrate Judge, because there was no pre-motion conference (or request therefor). Counterclaim Defendants also did not notify or seek to meet and confer with Mr. Doyle prior to the filing of the purported Motion.

A.   Mr. Doyle's Position

In light of Counterclaim Defendants' failure to secure substitute counsel, Mr. Doyle respectfully requests that this Court deny Grant & Eisenhofer's motion to withdraw without prejudice to renewal after the close of fact discovery.

Counterclaim Defendants' attempt to discharge G&E as their counsel, along with G&E's Motion, is part of an overall pattern of delay and discovery non-compliance by Counterclaim Defendants. Counterclaim Defendants have asked for an extension, responded late, or helped themselves to an extension for nearly every written discovery deadline in this case. They failed to produce responsive documents by the June 28, 2024 deadline, and when that deadline was extended to September 20, 2024, Counterclaim Defendants fired their counsel and requested yet another extension as a result. Notably, counsel to Counterclaim Defendants has indicated that they have already reviewed additional documents, see § 1(B)(iii)(4)(a) above, but have nevertheless failed to produce them. Even more concerningly, in their non-substantive responses to Mr. Doyle's first set of requests for admission, Counterclaim Defendants noted that "[s]ome materials that may have contained information responsive to [Mr. Doyle's] Requests may no longer exist or are otherwise unavailable," which suggests that they have specific knowledge about particular sources of data that Counterclaim Defendants failed to preserve or that may have been destroyed.

This pattern is highly suggestive of an intentional strategy by Mr. Gentile and Mr. Crawford to attempt to skirt their discovery obligations and frustrate and prevent Mr. Doyle's receipt and review of discoverable documents and information to which he is entitled. As courts in this district have found, these are appropriate grounds for denying a motion to withdraw. *See, e.g.*, *Geery v. Silberstein*, No. 20 Civ. 753, 2021 WL 3164901 (S.D.N.Y. June 11, 2021 (denying defense counsel's motion to withdraw where defendant requested several extensions of time, including extensions to discovery deadlines, and his counsel moved to withdraw right before depositions); *Rophaiel v. Alken Murray Corp.*, 1996 WL 306457, at *2 (S.D.N.Y. June 7, 1996) (denying counsel's motion to withdraw because "any further delay in taking discovery will unfairly prejudice the plaintiff"). Moreover, a change in counsel at this stage is likely to prejudice the trial-ready date as new counsel will inevitably need time to get up to speed.

B.   Counterclaim Defendants' Position

Counterclaim Defendants are not engaged in an intentional pattern of delay. They produced 2,613 documents consisting of 4,500 pages of responsive documents on June 28, 2024. At the time, their counsel believed this completed their document production.

Mr. Doyle's second set of interrogatories directed to Counterclaim Defendants were served on Counterclaim Defendants on June 17, 2024. Counterclaim Defendants' response was due on July 17, 2024. On July 12, 2024, Counterclaim Defendants asked for a short extension of time until July 24, 2024, because they were "confirming whether or not they have any additional communications that would be responsive to a number of Counterclaim Plaintiff's interrogatories," and wanted to ensure they would "provide fulsome and accurate responses."

As indicated in Grant & Eisenhofer's Motion to Withdraw as Counsel, irreconcilable differences between them and Counterclaim Defendants have led Counterclaim Defendants to discharge Grant & Eisenhofer from representing them in this action. Rule 1.16(b)(3) of the New York Rues of Professional Conduct mandates that a lawyer withdraw from representation if the lawyer is discharged. Courts grant such motions even where discovery is

7

well underway.  *City Merchandise Inc. v. Tian Tian Trading Inc.*, 2021 WL 119075 (S.D.N.Y. Jan. 13, 2021) ("Where discovery has not yet closed and the case is not on the verge of trial readiness, prejudice is unlikely to be found."); *Marciano v. DCH Auto Group*, 2016 WL 11703590, at *2 (S.D.N.Y. Feb. 2, 2016) (granting motion to withdraw as counsel even though "discovery is well underway and arbitration has commenced"); *In re WB Bridge Hotel LLC*, 656 B.R> 733, 743 (Bankr. S.D.N.Y. 2024) ("When a client discharges a firm from its employment, and the firm accepts such discharge, the court should grant a motion to withdraw 'except under the most compelling circumstances.").  Further, prejudice to Mr. Doyle is unlikely to result here because the Court has indicated it does not intend to disturb the December 9, 2024 trial ready date.  ECF No. 98.

To the extent the Court requires additional information to understand the irreconcilable differences leading to the breakdown of the attorney-client relationship, Counterclaim Defendants respectfully request Grant & Eisenhofer be permitted an opportunity to present such information to the Court for in camera review.

(\*\*\*)

As always, we thank the Court for its attention to this matter.

Respectfully,

CRAVATH, SWAINE & MOORE LLP,

by
 /s/ Nathan K. Noh

  Michael A. Paskin
  Hannah L. Dwyer
  Nathan K. Noh

Two Manhattan West
375 Ninth Avenue
New York, New York 10001
(212) 474-1000
mpaskin@cravath.com
hdwyer@cravath.com
nnoh@cravath.com

*Counsel for Counterclaim Plaintiff Kevin Doyle*

GRANT & EISENHOFER P.A.,

by
 /s/ Caitlin M. Moyna

  Jay W. Eisenhofer
  Caitlin M. Moyna
  Thomas Walsh

485 Lexington Avenue
New York, New York 10017
jeisenhofer@gelaw.com
cmoyna@gelaw.com
twalsh@gelaw.com

*Counsel for Counterclaim Defendants
Christopher Gentile and Juan Crawford*

The Honorable Ona T. Wang
 United States District Court for the Southern District of New York
  Daniel Patrick Moynihan United States Courthouse
   500 Pearl St., Room 20D
    New York, NY 10007

VIA CM/ECF