**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
KEVIN DOYLE,

                Counterclaim Plaintiff,        21-CV-8528 (LTS) (OTW)

          -against-        **ORDER**

CHRISTOPHER GENTILE and JUAN A. CRAWFORD,

                Counterclaim Defendants.
-----------------------------------------------------------x

      **ONA T. WANG**, **United States Magistrate Judge**:

      The Court is in receipt of ECF 125, in which *pro se* Counterclaim Defendant Christopher Gentile ("Gentile") represents that he is unable to attend the December 18, 2024 status conference due to "work obligations," and that *pro se* Counterclaim Defendant Juan Crawford ("Crawford") will attend the hearing "on [his] behalf." (ECF 125).

      If ECF 125 is Gentile's request to be excused from attending the conference, that request is **DENIED**. General work obligations are not a sufficient reason to fail to appear as ordered by the Court.

      The Court also reminds Gentile and Crawford that they are *pro se* parties in this case. The provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted). "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone v. Law*,

142 F.3d 553, 558 (2d Cir. 1998). Since Gentile and Crawford are <u>both</u> *pro se*, they may only represent their own interests in this case and may not represent the interests of each other, even if their interests may overlap. Thus, Crawford may not represent Gentile at any point in this case.

The Court <u>will consider</u>, however, a request to appear at the December 18 conference by phone if such a request is properly made and filed on the docket by no later than **Friday, December 6, 2024.** Such a request should explain the reasons why appearance in person is not possible.

The parties are cautioned that repeated failure to comply with this Court's orders may result in a recommendation of default.

**SO ORDERED.**

Dated: November 22, 2024
       New York, New York

      *s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge