**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
KEVIN DOYLE,

                Counterclaim Plaintiff,       21-CV-8528 (LTS) (OTW)

                -against-       **ORDER**

CHRISTOPHER GENTILE and JUAN A.
CRAWFORD,

                Counterclaim Defendants.
------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

The Court is in receipt of ECF 123 and ECF 124,[1] wherein *pro se* Counterclaim Defendants Christophe Gentile and Juan A. Crawford (collectively, "Counterclaim Defendants") make several discovery-related requests. While not styled as a motion, given Counterclaim Defendants' *pro se* status the Court will address each request in turn.

**I.  REQUEST TO DEEM THE DISCOVERY PACKAGE INADMISSABLE**

At the October 2, 2024, conference, where Counterclaim Defendants failed to appear, Counterclaim Defendants' withdrawing counsel, Grant & Eisenhofer, informed the Court that they had been instructed not to produce certain documents in their possession to Counterclaim Plaintiff, and that certain of those documents may contain privileged information. On October 3, 2024, I issued an order to show cause that, among other things, instructed Grant & Eisenhofer to keep all documents held on behalf of Counterclaim Defendants in escrow until further order. (ECF 103). In their responses to the order to show cause, Counterclaim

---

[1] The Court notes that ECF 123 and 124 are identical letters.

Defendants failed to address why they instructed counsel to withhold document production, (ECF 108), so on October 28, 2024, I directed Grant & Eisenhofer to produce the documents held in escrow to Counterclaim Plaintiff. (ECF 110).

On November 7, 2024, Counterclaim Defendants filed a letter on the docket asserting, among other things, that "former counsel ha[d] disclosed sensitive, privileged documents to the Plaintiffs without authorization." (ECF 119). On November 12, 2024, Counterclaim Plaintiff filed a letter on the docket informing the Court that during review of the documents produced by Grant & Eisenhofer pursuant to my order at ECF 110, they discovered privileged material that was inadvertently disclosed, notified Counterclaim Defendants, and confirmed they would delete all copies they possessed of privileged material. (ECF 120).

Now, Counterclaim Defendants request that the "entire discovery package" produced by Grant & Eisenhofer be deemed inadmissible. (ECF 123). Counterclaim Defendants' request is **DENIED** because there is no relief for this request under the federal rules. Grant & Eisenhofer produced the withheld documents pursuant to this Court's order, and Counterclaim Plaintiff's counsel promptly notified Counterclaim Defendants when they discovered privileged material and deleted all copies in their possession. The Court will clarify, however, that per Federal Rule of Evidence 502(d), Grant & Eisenhofer's incidental production of privileged material does not constitute a waiver of attorney-client privilege.

## II. REQUEST TO STAY THIRD-PARTY DISCOVERY

Counterclaim Defendants' request to extend the stay on third-party discovery is **DENIED**. Third-party discovery will be addressed at the December 18, 2024, conference.

III.   **REQUEST TO COMPEL PRODUCTION OF COUNTERCLAIM PLAINTIFF'S PHONES AND LAPTOP**

Counterclaim Defendants request that Counterclaim Plaintiff be compelled to provide complete imaging of two phones and a laptop, claiming that Counterclaim Plaintiff "[a]sked Defendants to obtain discovery from former counsel, demonstrating lack of cooperation." (ECF 123, 124). Counterclaim Defendants made the same request in their November 7, 2024, letter. (ECF 119). Counterclaim Plaintiff's November 12 letter, (ECF 120), indicates that responsive documents were produced on July 14, 2023, and June 28, 2024.

Counterclaim Defendants' request is **DENIED**. Counterclaim Defendants are directed to contact their former counsel and request the discovery that Counterclaim Plaintiff produced to them on July 14, 2023, and June 28, 2024. If Counterclaim Defendants cannot reasonably obtain such production from their former counsel, the parties are directed to meet and confer to determine how to efficiently ensure Counterclaim Defendants have access to relevant document production.

**SO ORDERED.**

Dated: December 11, 2024
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge