# CRAVATH

Nathan Noh
nnoh@cravath.com
T+1-212-474-1707
New York

January 17, 2025

### Re: *Doyle v. Gentile et al.*, 1:21-cv-08528 (LTS) (OTW)

Dear Judge Wang:

  Pursuant to Rule I(b) of Your Honor's Individual Rules & Practices in Civil Cases and the Court's Order on December 20, 2024 (ECF No. 135), we submit on behalf of both Parties: (1) the current status of discovery; and (2) the proposed dates for the anticipated March 2025 In-Person Status Conference.

1. **Status of Discovery**

  Pursuant to the Court's Order staying third-party discovery, the parties have refrained from conducting third-party discovery pending the completion of party depositions. (ECF No. 135).

  In accordance with the parties' December 13, 2024 joint status letter (ECF No. 132), (a) Mr. Gentile was deposed on January 11, 2025, (b) Mr. Doyle was deposed on January 14, 2025 beginning at 8:00 am ET and concluding at 12:00 pm ET, and (c) Mr. Crawford is scheduled to be deposed on January 20, 2025.

  The parties met and conferred on January 16, 2025 and January 17, 2025 to discuss the status of discovery, including third-party discovery that may be necessary, in compliance with the Court's Order (ECF No. 135). At this time, the parties continue to dispute what additional discovery may be necessary.

  A. **Mr. Doyle's Position**

    i. Mr. Doyle's Deposition

  As reflected in the parties' December 13, 2024 joint status letter (ECF No. 132), Counterclaim Defendants agreed that Mr. Doyle's deposition via videoconference was scheduled to begin at 8:00 am ET and conclude no later than 12:00 pm ET. (*Id.* ("The parties have agreed to conduct Mr. Doyle's deposition by videoconference on January 13, 2025, beginning at 8:00am ET and concluding no later than 12:00pm ET."); *see also* Exhibit A, Email from J. Crawford to N. Noh (From Mr. Noh: "What you propose works for Mr. Doyle (1/14 at 8am-12pm ET)" (parenthesis in original) . . . From Mr. Crawford: "We agree to all the adjusted proposals for deposition times for all parties. This is confirmed.").)

NEW YORK
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
T+1-212-474-1000
F+1-212-474-3700

LONDON
CityPoint
One Ropemaker Street
London EC2Y 9HR
T+44-20-7453-1000
F+44-20-7860-1150

WASHINGTON, D.C.
1601 K Street NW
Washington, D.C. 20006-1682
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

The parties agreed to this arrangement after Counterclaim Defendants ignored repeated requests by Mr. Doyle, who lives in Estonia and Denmark, to schedule his deposition while he was in New York in the fall of 2024 to avoid the inevitable challenges associated with cross time zone depositions.  Mr. Doyle raised this issue at an in-person status conference on October 2, 2024, and the Court noted:  "if there comes a time where there's a dispute about whether and when or how Mr. Doyle's deposition should be taken, in light of what has happened here, I am most likely going to either say: You waive the right to take a deposition, or if you plan to take a deposition, it's going to be by video or other remote means at a time that is more convenient to Mr. Doyle." (10/02/2024 Hearing Tr. 10:3-8.)  Rather than beginning the deposition early in the morning, Counterclaim Defendants proposed a deposition between 8:00 am and 12:00 pm ET, which Mr. Doyle accepted.  (ECF No. 132; Ex. A.)

Mr. Doyle's deposition occurred on time, as scheduled.  The parties took only three roughly five-minute breaks occurring after roughly each hour of testimony on mutual consent of the parties.  At 12:00 pm ET, the deposition concluded as scheduled.

Mr. Doyle should not be required to sit for another deposition in this case. Having not elicited their desired testimony from Mr. Doyle, Counterclaim Defendants now improperly seek to force Mr. Doyle to sit for another deposition to take a second bite at the apple with additional time to prepare.  This attempt should not be countenanced, particularly because Counterclaim Defendants spent an outsized portion of their on-the-record time testifying on their own and asking abusive and harassing questions about Mr. Doyle's physical and mental health and personal finances, all of which are wholly unrelated to this case.

ii.     Ms. Crededio's and Ms. Veasey's Depositions

Mr. Doyle intends to schedule and conduct Ms. Crededio's and Ms. Veasey's depositions after January 20, 2025 (*i.e.*, following the completion of Mr. Crawford's deposition) in compliance with the Court's December 20, 2024 Order (ECF No. 135).

As Ms. Veasey was directly involved with Counterclaim Defendants' infringing conduct as the would-be showrunner and executive producer for the work, her deposition is reasonable, proportionate, and integral to Mr. Doyle's claims and should be allowed to proceed, as the Court has already ordered (ECF No. 135).[1]

As Ms. Crededio's authorship of the original version of the pilot script is integral to Counterclaim Defendants' stated defenses and arguments in this case, her deposition is reasonable, proportionate, and integral to Mr. Doyle's case and should be allowed to proceed, as the Court has already ordered (ECF No. 135).

---

[1] While Mr. Doyle does not believe that this joint status letter is the appropriate vehicle to enter into protracted debate over the record, we note that Counterclaim Defendants have blatantly misrepresented Ms. Veasey's limited discovery record in arguing that Ms. Veasey's document production does not show a "script exchange"; in particular, (1) Ms. Veasey had in her possession, and disclosed, a copy of the script for the pilot episode (VEASEY_000025), (2) Ms. Veasey writes in email correspondence that she has read the pilot script and provides feedback on it (VEASEY_000351), and (3) Ms. Veasey writes in email correspondence that she has "read" the project, including the "deck and bible" (VEASEY_000271), although those referenced attachments were not produced in any document productions to date.  Mr. Doyle expects that the bible refers to the format bible that he authored, which is one of the four copyrighted works owned by Mr. Doyle at issue in this case, and the deck refers to a pitch deck that was prepared based on Mr. Doyle's copyrighted works.

### iii. Other Third-Party Discovery

Mr. Doyle has attempted to meet and confer with Counterclaim Defendants to come to agreement on the scope of third-party discovery, and will endeavor to do so again after Ms. Crededio's and Ms. Veasey's depositions. It has, however, become clear to Mr. Doyle that Counterclaim Defendants will continue to oppose any and all third-party discovery in this case, even third-party discovery that the Court has already permitted. Accordingly, to the extent the parties are unable to come to an agreement on additional third-party discovery following Ms. Crededio's and Ms. Veasey's depositions, Mr. Doyle will be required to seek leave to file a motion seeking additional third-party discovery at that time, per the Court's instruction. (12/18/2024 Hearing Tr. 20:20-21:4.)

### iv. Counterclaim Defendants' Substantive Arguments

Mr. Doyle believes that this joint status letter is an improper vehicle to engage in argument over the merits of this case, and attempted to work with Counterclaim Defendants to streamline this letter to under two pages to no avail. To the extent the Court wishes to set a briefing schedule for dispositive motions in this case, which Mr. Doyle believes is premature because discovery is not yet complete, Mr. Doyle reserves his rights to respond to Counterclaim Defendants' mischaracterizations of the facts and testimony, as well as their substantive arguments, in the context of a properly briefed motion.

In addition, based on their conduct and filings to date, we anticipate that Counterclaim Defendants will continue to file dispositive motions (whether or not styled as such)[2] prior to the close of discovery. Accordingly, Mr. Doyle respectfully requests that the Court enter a standing Order clarifying that any purported dispositive motions filed by Counterclaim Defendants prior to the close of discovery will be held in abeyance, and a briefing schedule set, upon the close of discovery consistent with the parties' joint case management plan (ECF No. 90), should Counterclaim Defendants wish to renew consideration of their dispositive motion(s) at that time.

---

[2] In addition to their "Position" below, Counterclaim Defendants previously filed a Motion to Dismiss and to Exclude Discovery Materials on January 13, 2025 (ECF No. 141), an Opposition to Plaintiff's Motion to Modify Court's December 20, 2024 Order and Motion to Dismiss on December 24, 2024 (ECF No. 139), and a letter with the Court on December 17, 2024 (ECF No. 134) that appears to cover additional arguments, although such letter was not styled as a dispositive motion and did not appear to request any resolution of this action.

B. **Counterclaim Defendants' Response to Plaintiff's Positions**

Dear Judge Wang,

We respectfully submit the following response to address Mr. Doyle's positions as outlined in the joint status letter:

i. The Relevance of Doyle's Finances and Mental State

Mr. Doyle's finances and mental state are highly relevant to this case as they shed light on his motivations for going behind the backs of his longtime friends and attempting to claim sole ownership of the *Untitled Wyoming Project*.

By his own deposition, Mr. Doyle admitted that he has been homeless for over 10 years, without a lease in his name, relying on grants and the goodwill of others to sustain himself. This evidence directly contradicts his public claims of being an "accomplished writer" and demonstrates a pattern of misrepresentation consistent with his false claims of sole ownership in this case.

ii. Doyle's Deposition Must Be Completed

Mr. Doyle should not control the scope or time of his deposition by selectively answering only questions he deems acceptable. Discovery rules exist to ensure transparency and allow all relevant facts to emerge, even if inconvenient for one party.

Despite Plaintiff's counsel's claims, Counterclaim Defendants have conducted the deposition appropriately, asking about critical issues that directly relate to this case, including Mr. Doyle's background and credibility.

Plaintiff's counsel claims the deposition ended because it was late in Estonia. However, 7:00 p.m. is not unreasonable for someone who does not have a steady job or income, particularly when pursuing a lawsuit for $400,000. As someone with pro bono counsel, it is not unreasonable for Mr. Doyle to stay past 7:00 p.m. to answer questions critical to this case.

iii. Mischaracterization of the Script in Question

Plaintiff's continued mischaracterization of the script and associated materials must be addressed.

**Script Exchange**: Ms. Veasey, contrary to Plaintiff's claims, never received the script that Mr. Doyle unlawfully copyrighted. Plaintiff has not provided evidence of such an exchange, and the record shows no proof that Defendants shared the script in question.

**Credits Admitted by Plaintiff**: In his deposition and through his own documents, Mr. Doyle acknowledges that the *Untitled Wyoming Project* was "Created By" and "Story By" the Defendants. By his own admission, Mr. Doyle cannot claim sole authorship or copyright infringement, as the core concepts were credited to Defendants.

Without evidence of the alleged script or its distribution, there is no basis for Mr. Doyle's infringement claims.

iv. <u>Plaintiff's Deposition Complaints Lack Merit</u>

Plaintiff's argument about "taking a bite of the apple" is irrelevant and inflammatory. Counterclaim Defendants have complied with the discovery process, answering questions for seven hours each, including questions about irrelevant topics like college grades and arrests—topics entirely unrelated to this case.

For the record, Counterclaim Defendants clarified that neither Defendant was on academic probation nor had been arrested. These irrelevant lines of questioning show Plaintiff's own misuse of deposition time and undermine their argument against continuing Mr. Doyle's deposition.

v. <u>Response to the Motion Received on 1/16</u>

The motion referenced by Mr. Noh in the January 16, 2025 filing was originally filed on December 9, 2024. As pro se Defendants, we do not have regular access to the docket and assumed the motion had been received when we were notified of its receipt.

We want to assure the Court that we are not attempting to circumvent the process but want to ensure the Court fully understands that the privileged document referenced in the motion was our **retainer with former counsel**, not some obscure or unrelated document. This clarification is crucial to understanding the context of this case.

We acknowledge that Your Honor has stated that motions will be addressed as they appear; however, this motion was filed well before the teleconference hearing, and we want to ensure the Court is fully apprised of its contents, as they clarify critical facts about this case.

vi. <u>Plaintiff's Mischaracterization of Pro Se Defendants</u>

Plaintiff's counsel repeatedly accuses Defendants of having hidden legal representation. This baseless accusation is unfounded. The only thing working in Defendants' favor is the undeniable truth and facts, many of which Plaintiff himself has admitted during deposition and in discovery.

vii. <u>Conclusion</u>

Counterclaim Defendants respectfully request the Court to:

1. Allow additional time to complete Mr. Doyle's deposition, as critical questions remain unanswered due to Plaintiff's selective responses and premature ending of the deposition.

2. Deny Plaintiff's attempt to mischaracterize the script and related materials. No infringement can be claimed where the unlawfully copyrighted script was never shared and where Plaintiff himself credited Defendants with "Created By" and "Story By" roles.

3. Acknowledge the motion filed on December 9, 2024, which was received by the Court on January 16, 2025, as it clarifies that the privileged document in question was the retainer agreement with former counsel.

5

    4.      Recognize Plaintiff's repeated use of inflammatory, irrelevant arguments during depositions, which demonstrates a lack of good faith in these proceedings.

    C.    **<u>Counterclaim Defendants' Position</u>**

The Counterclaim Defendants respectfully submit the following regarding the status of Mr. Doyle's deposition and the necessity of further depositions:

    i.    <u>Completion of Mr. Doyle's Deposition</u>

The Defendants have not been afforded adequate time to complete Mr. Doyle's deposition. Plaintiff's counsel was granted 7 hours per party (a total of 14 hours), while the Defendants were provided less than 4 hours on record to question Mr. Doyle.

Additional time is necessary to fully address key issues raised during his testimony, including admissions of collaboration and the existence of an implied agreement.

**Precedent**: Rule 30(d)(1) of the Federal Rules of Civil Procedure allows for additional deposition time if "needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination."

    ii.    <u>New Information from Mr. Doyle's Deposition</u>

During his deposition on January 14, 2025, Mr. Doyle admitted to collaborating with the Defendants on the *Untitled Wyoming Project* and acknowledged a verbal agreement with Mr. Gentile. He confirmed that his compensation would be a seat in the writers' room—not sole authorship or exclusive copyright ownership.

These admissions confirm an **implied agreement** between Mr. Doyle, Mr. Gentile, and Mr. Crawford.

**Precedent**: In *Aalmuhammed v. Lee*, 202 F.3d 1227 (9th Cir. 2000), the court held that collaboration and intent to merge contributions into a joint work can establish joint authorship, even when one party handles the final text. Similarly, verbal agreements are enforceable under *Thompson v. Larson*, 147 F.3d 195 (2d Cir. 1998), where the court recognized that conduct and mutual intent are critical to establishing authorship rights.

    iii.    <u>Implied Agreement and Conduct Reflecting Mutual Understanding</u>

Mr. Doyle's conduct further underscores his recognition of the collaborative nature of the project. Even after his relationship with Mr. Gentile ended following a dispute, Mr. Doyle continued to credit the Defendants with "Created By" and "Story By" designations in drafts, the project bible, and copyright filings.

These actions reflect the acknowledgment of collaboration and align with the implied agreement.

**Precedent**: In *Gaiman v. McFarlane*, 360 F.3d 644 (7th Cir. 2004), the court found that continued acknowledgment of another party's contributions supports shared ownership, particularly when the parties' conduct aligns with mutual intent to collaborate.

iv. Lack of Relevance of Additional Depositions

(1) Ms. Veasey Has Already Submitted Exhaustive Discovery

Ms. Veasey has already complied with discovery, producing extensive documents. Importantly, the script that Mr. Doyle unlawfully copyrighted does not appear in her productions.

Without evidence that Ms. Veasey received or reviewed the script, any claim that she was involved in infringing conduct is speculative and unsupported.

**Precedent**: In *Grubb v. KMS Patriots, L.P.*, 88 F.3d 1 (1st Cir. 1996), the court found no infringement where the plaintiff failed to provide evidence that the defendant had access to the copyrighted material. Similarly, *Bucklew v. Hawkins, Ash, Baptie & Co.*, 329 F.3d 923 (7th Cir. 2003), emphasized the necessity of proving access and use to sustain an infringement claim.

(2) No Evidence of Infringement Without Script Exchange

Copyright infringement requires evidence of the allegedly infringed work being shared, accessed, or used. Without proof that Ms. Veasey received the script, there is no basis to allege infringement involving her.

**Precedent**: The U.S. Supreme Court in *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340 (1991), established that infringement requires clear evidence of access and substantial similarity. Without such evidence, infringement claims fail as a matter of law.

(3) Proportionality in Discovery

Further depositions of individuals like Ms. Veasey are unnecessary and disproportionate under Rule 26(b)(1) of the Federal Rules of Civil Procedure, which limits discovery to what is relevant, non-cumulative, and proportional to the needs of the case.

**Precedent**: In *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), the Supreme Court emphasized that discovery must be relevant and tailored to the claims and defenses at issue.

v. Concerns Regarding Plaintiff's Counsel

The deposition testimony and lack of evidence presented demonstrate that Plaintiff and his counsel lack a sufficient legal or factual basis for their claims.

Continuing to pursue unnecessary discovery appears to be an attempt to harass third parties and the Defendants.

**Precedent**: Rule 26(c)(1) of the Federal Rules of Civil Procedure allows the Court to protect parties from discovery that imposes undue burden or is intended to harass. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court underscored that baseless claims must not proceed without sufficient factual support.

    vi.    <u>Conclusion</u>

The Defendants respectfully request that the Court:

5. Allow additional time to complete Mr. Doyle's deposition to address the critical issues raised during his testimony.

6. Deny Plaintiff's request to depose Ms. Veasey, as she has already provided exhaustive discovery, and the script in question was never exchanged. If further clarification is necessary, Defendants propose an affidavit or sworn testimony from Ms. Veasey.

7. Deny any additional depositions absent clear evidence of relevance or necessity, particularly given the lack of the script in any discovery exchanges.

    vii.    <u>Key Precedents Cited</u>

1. **Rule 30(d)(1), Federal Rules of Civil Procedure**: Additional deposition time permitted if necessary for fairness.

2. **Aalmuhammed v. Lee**, 202 F.3d 1227 (9th Cir. 2000): Collaboration and intent to merge contributions can establish joint authorship.

3. **Thompson v. Larson**, 147 F.3d 195 (2d Cir. 1998): Verbal agreements and conduct support joint authorship.

4. **Gaiman v. McFarlane**, 360 F.3d 644 (7th Cir. 2004): Acknowledgment of contributions supports shared ownership.

5. **Feist Publications, Inc. v. Rural Telephone Service Co.**, 499 U.S. 340 (1991): Infringement requires proof of access and use of the copyrighted work.

6. **Grubb v. KMS Patriots, L.P.**, 88 F.3d 1 (1st Cir. 1996): Lack of evidence showing access to copyrighted work precludes infringement claims.

7. **Bucklew v. Hawkins, Ash, Baptie & Co.**, 329 F.3d 923 (7th Cir. 2003): Emphasizes proving access and use for infringement claims.

8. **Rule 26(b)(1), Federal Rules of Civil Procedure**: Limits discovery to relevant and proportional matters.

9. **Oppenheimer Fund, Inc. v. Sanders**, 437 U.S. 340 (1978): Discovery must be relevant and proportional.

10. **Rule 26(c)(1), Federal Rules of Civil Procedure**: Allows protection against undue burden or harassment in discovery.

11. **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544 (2007): Baseless claims must not proceed without sufficient factual support.

2.  **<u>March 2025 In-Person Status Conference</u>**

        The parties are available on March 18, 2025, March 19, 2025, and March 20, 2025 for an In-Person Status Conference.

(***)

As always, we thank the Court for its attention to this matter.

                              Respectfully,

                              */s/ Nathan K. Noh*

                              Nathan K. Noh

The Honorable Ona T. Wang
    United States District Court for the Southern District of New York
        Daniel Patrick Moynihan United States Courthouse
            500 Pearl St., Room 20D
                New York, NY 10007

VIA CM/ECF

Juan Antonio Crawford
    1300 S. Miami Ave
        #2001
            Miami, FL 33130
                iamjantonio@gmail.com

VIA EMAIL

Christopher Gentile
    825 Center Street, #28D
        Jupiter, FL 33458
            chrisgunome@gmail.com

VIA EMAIL AND FIRST CLASS MAIL

## **CERTIFICATE OF SERVICE**

       I hereby certify that I caused a true and correct copy of the foregoing January 17, 2025 letter to Judge Ona T. Wang to be served: (1) on Juan Antonio Crawford via electronic mail at iamjantonio@gmail.com on January 17, 2025; and (2) on Christopher Gentile via electronic mail at chrisgunome@gmail.com on January 17, 2025 and first class mail at his last known address, 825 Center Street, #28D, Jupiter, FL 33458 on January 21, 2025.

Dated: January 17, 2025

                                                */s/ Nathan K. Noh*
                                                 Nathan K. Noh