UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

KEVIN DOYLE,                                          :
                                                      :
                    Counterclaim Plaintiff,           :         21-CV-8528 (LTS) (OTW)
                                                      :
                    -against-                         :         **ORDER**
                                                      :
CHRISTOPHER GENTILE and JUAN A.                       :
CRAWFORD,                                             :
                                                      :
                    Counterclaim Defendants.          :
                                                      :
------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

The Court is in receipt of the parties' joint status letter at ECF 142.

The <u>11-page</u> joint status letter, filed on January 17, 2025, (ECF 142), indicates that the

parties are at an impasse as to what discovery remains outstanding. Additionally, Counterclaim

Defendants[1] request that the Court:

(1) Grant additional time to depose Plaintiff;

(2) Deny "Plaintiff's attempt to mischaracterize the script and related materials;"

(3) "Acknowledge the motion filed on December 9, 2024, which was received by the

Court on January 16, 2025, as it clarifies that the privileged document in question

was the retainer agreement with former counsel;"

(4) "Recognize Plaintiff's repeated use of inflammatory, irrelevant arguments during

depositions, which demonstrates a lack of good faith in these proceedings;" and

---

[1] On January 2, 2024, Judge Swain dismissed the complaint, leaving only Doyle's counterclaims to be litigated. (ECF 80). Accordingly, future references to the parties will refer to Mr. Doyle as "Plaintiff" and Mr. Crawford and Mr. Gentile as "Defendants."

(5)  Deny Plaintiff's request to depose Ms. Veasey and any additional depositions

"absent clear evidence or relevance or necessity." (ECF 142).

I will address each of these requests in turn, using the numbering convention above.

1. <u>**Continued Doyle deposition**</u>

In the parties' December 13 status letter (ECF 132), they agreed to a video deposition of Doyle limited to four hours. This deposition proceeded on January 14, 2025. Defendants now seek to "complete[]" Doyle's deposition, which the Court will construe as a motion under Rule 30 to depose Doyle beyond the agreed-upon four hours. Fed. R. Civ. P. 30(d)(1) ("The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent, or if the deponent, another person, or any other circumstance impedes of delays the examination.") Defendants have not articulated reasons why they need more time than they agreed to, nor have they explained why allowing more time for Doyle's deposition is proportional to the needs of the case, as required by Rule 26(b)(2). As currently written, Defendants' request is **DENIED**.

If Defendants wish to renew their motion to compel Doyle to sit for additional deposition time, they may file a letter motion by **January 31, 2025**, that complies with all of the following requirements:

- The motion is limited to two pages;

- The motion will attach the <u>entire</u> Doyle deposition transcript as an exhibit;

- The motion must explain, with specificity, why additional time is necessary, and why the areas to be explored could not have been explored at Doyle's first deposition session; and

- Any reference to the prior deposition—or characterization of the first deposition—must cite to the deposition by page number(s).

In the alternative, Defendants may withdraw their motion by filing a letter on the docket stating their intention to do so, and may seek to elicit additional information from Mr. Doyle through sworn interrogatories instead. The Court will set a response date for Mr. Doyle, if necessary, after reviewing Defendants' January 31 filings.

**2.  Defendants' "mischaracterization" assertions**

Defendants assert that Plaintiff's "continued mischaracterization of the script and associated materials must be addressed." (ECF 142 at 4). What Defendants claim as "mischaracterization" are the facts in dispute in this case. Perplexingly, Defendants assert facts that would be in Ms. Veasey's knowledge (e.g., whether she received the script at issue) to argue that "there is no basis for [Plaintiff's] infringement claims." (*Id.*). If this is a motion for a factual finding, the motion is **DENIED as premature**. Whether facts and evidence support a party's claims or defenses is a job for the factfinder.

**3.  Defendants' "Motion to Dismiss and to Exclude Discovery Materials" (ECF 141)**

This motion, dated December 9, 2024, was not entered on the docket until January 13, 2025, and seeks to "dismiss [Plaintiff's] claims and to exclude specific discovery materials." (ECF 141). It then cites in the "FACTS" section a series of factual and legal assertions, attaching

3

screenshots of text messages. This motion is procedurally improper and premature. If this is a motion for summary judgment under Rule 56, it does not comply with either Federal Rule of Civil Procedure 56 or Local Civil Rule 56.1, does not comply with the parties' case management plan at ECF 90, and is **DENIED** for the procedural reasons stated in ECF 140.

The sole discovery issue is Defendants' request for "Exclusion of Discovery Packet," (ECF 141 at 5), which Defendants claim relates to their retainer agreement with former counsel. On October 28 ,2024, after Defendants had been given ample time to object to the document production (that was being held in escrow by withdrawing counsel), I ordered outgoing counsel to produce the entirety of the document production on November 1, 2024. (ECF 110). Defendants' request now, for "exclusion" of these discovery materials, is **DENIED** as untimely and waived. In the alternative, if this motion seeks reconsideration of the October 28 Order, it is untimely and presents no case law or facts that were overlooked, and reconsideration is also **DENIED**.

4. **Motion regarding "Plaintiff's repeated use of inflammatory, irrelevant arguments during depositions" (ECF 142 at 6)**

Defendants ask the Court to "recognize" certain deposition conduct as a "lack of good faith," but do not identify the conduct or the relief requested. Whether this request is a motion for a protective order or a sanctions motion, it is **DENIED**.

5. **Third-party depositions**

After the December 18 status conference, I limited third-party discovery to the Veasey and Crededio depositions **only**. (*See* ECF 135). Defendants now object to scheduling the Veasey deposition, and possibly the Crededio deposition as well. (See ECF 142 at 2, 7). Defendants

assert that the Veasey deposition would not be relevant, because there is no "proof" that
Veasey received the script at issue. "Proof" is not required to show that testimony from
Defendants' "show runner" would be relevant to the claims and defenses in this case. See Fed.
R. Civ. P. 26(b)(1).

Additionally, if this request is a motion for reconsideration of my December 20 Order
limiting third-party depositions to Ms. Crededio and Ms. Veasey, it is **DENIED** for two reasons:
(1) it is untimely, and (2) it has not set forth new facts or controlling law that the Court
overlooked in entering ECF 135. *See Alexander v. JP Morgan Chase Bank, N.A.*, 19-CV-10811
(OTW), 2024 WL 1193421, at *1 (S.D.N.Y. Mar. 20, 2024) ("Motions for reconsideration …
require the party seeking reconsideration to 'set forth concisely the matters or controlling
decisions' which the Court overlooked.") (citing Local Civil Rule 6.3).

6. <u>**Additional Matters**</u>

   A. Defendants are directed to meet and confer in good faith to schedule the Veasey
      and Crededio depositions, and the parties are directed to submit a joint letter by
      close of business on **January 31, 2025**, identifying the agreed-upon dates for these
      depositions. The parties are encouraged to discuss dates and reach agreement with
      the third party deponents in advance of issuing subpoenas. If the parties are unable
      to reach agreement by January 31, they shall detail the extent of their discussions
      and attach copies of emails, if necessary.

   B. The parties are directed to review Federal Rules of Civil Procedure Rules 16 and 37.
      Rule 37(a)(5) and 37(b) provide for cost shifting and sanctions for failure to comply

with court orders, for failure to participate in discovery, and for discovery motions that are not successful or not substantially justified.

C.  If Defendants intend to file another motion to dismiss or other dispositive motion before the close of discovery, they must seek permission from the Court first, and must specifically explain why the proposed motion is not duplicative of previously filed motions to dismiss.

Plaintiff is directed to serve a copy of this Order on Defendants. Defendants are again encouraged to contact the Pro Se Intake Unit at 212-805-0175 for additional assistance with this case.

**SO ORDERED.**

_s/ Ona T. Wang_

Dated: January 27, 2025
New York, New York

**Ona T. Wang**
United States Magistrate Judge

6