# CRAVATH

Nathan Noh
nnoh@cravath.com
T+1-212-474-1707
New York

January 29, 2025

### Re: *Doyle v. Gentile et al.*, No. 1:21-cv-08528 (LTS) (OTW)

Dear Judge Wang:

  Pursuant to Rule I(b) of Your Honor's Individual Rules & Practices in Civil Cases, we write this letter-motion on behalf of Plaintiff Kevin Doyle to request discovery sanctions against Defendant Juan Crawford pursuant to Rules 30(d) and 37(d) of the Federal Rules of Civil Procedure for leaving his deposition early in a manner intended to impede, delay, and frustrate his fair examination and the progress of discovery in this case.

1. **Background**

  On December 11, 2024, counsel for Mr. Doyle reached out to Mr. Crawford, asking for dates when Mr. Crawford would be available for a deposition and noting that Mr. Crawford should "plan to be available for the entire day on any day [he] proposed." (Ex. A.) Mr. Crawford responded, "I am available on January 20th, 21st or 22nd, with a suggested start time of 9:00 AM." (Ex. B.) Counsel for Mr. Doyle accepted Mr. Crawford's proposal on December 13, 2024, noted the agreed-upon deposition date in the parties' joint status update, and properly noticed the deposition for January 20, 2025 at 9:00 A.M. (*See* Exs. B, C, D; ECF No. 132 ("The parties have agreed to conduct Mr. Crawford's deposition by videoconference on January 20, 2025, beginning at 9:00 am ET").) In the five weeks from when the parties scheduled the deposition until the morning of January 20, 2025, the parties communicated by phone and by email several times. At no point before the deposition did Mr. Crawford indicate that he would seek to unilaterally end his deposition early or that he needed to reschedule for any reason.

  On the morning of Mr. Crawford's deposition, immediately after the parties went on the record, Mr. Crawford stated: "[O]n the record, in observance of today's federal holiday, we will end the deposition at 12:00 noon Eastern Standard Time." (Ex. E, 7:10-14.) Counsel for Mr. Doyle explained that the parties had not agreed to this and that Mr. Crawford should have raised this in advance of the deposition so the parties could pick a different day. (*Id.* 8:3-20.) At noon, after 2 hours and 32 minutes on the record (and multiple breaks requested by Mr. Crawford), Mr. Crawford left his deposition over the objections of counsel for Mr. Doyle. (*Id.* 164:14-16 (videographer noting 2:32 on the record); 169:9-21 ("(Witness leaves Zoom deposition.) Ms. Dwyer: Okay. So, Mr. Crawford is now off camera; and it appears that he has left the deposition. So, with that, I'm going to note that . . . Mr. Crawford has left his deposition prematurely after, I believe, it was less than three hours on the record, and I will close out the record for today.").)

NEW YORK
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
T+1-212-474-1000
F+1-212-474-3700

LONDON
CityPoint
One Ropemaker Street
London EC2Y 9HR
T+44-20-7453-1000
F+44-20-7860-1150

WASHINGTON, D.C.
1601 K Street NW
Washington, D.C. 20006-1682
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

2.  **Mr. Doyle Is Entitled to Depose Mr. Crawford for an Additional Day After Mr. Crawford Unilaterally Terminated His Deposition Early**

Pursuant to Rule 30(d) of the Federal Rules of Civil Procedure, "[t]he court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." In addition, Rule 37(d) of the Federal Rules of Civil Procedure authorizes sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition."

Mr. Crawford selected January 20, 2025 for his deposition. At no point in advance of the deposition did Mr. Crawford inform counsel for Mr. Doyle that he would not be available for the entire day, nor did he articulate a legally cognizable basis or good faith reason to terminate his deposition early. Instead, he merely announced repeatedly that he was going to terminate the deposition at 12:00 pm ET "in observance of today's federal holiday" (Ex. E, 7:11-12) and then unilaterally left the videoconference during questioning a little after 12:00 pm ET (Ex. E, 169:9–21).[1]

Mr. Doyle's counsel repeatedly gave both on-the-record and off-the-record fair warning and notice to Mr. Crawford about the potential consequences of improperly terminating the deposition early. (*See, e.g.*, Ex. E, 7:15-19 ("Ms. Dwyer: We didn't agree to that; and that's not part of the Federal Rules of Civil Procedure, so this deposition will go seven hours on the record."); 8:3-7 ("Ms. Dwyer: Mr. Crawford, that's something we would have needed to agree to in advance. You can't just cut off the deposition at noon."); 160:18-25, 161:2 ("Ms. Dwyer: [Y]ou consented to this date. So if you end the deposition now, please know that I will be seeking the costs of the videographer and the court reporter from the court. Do you want to end the deposition now or shall we continue going? Because you have no right to end the deposition.").)

Therefore, Mr. Crawford's conduct in terminating his deposition early cannot be attributed to a simple misunderstanding or an erroneous, but good faith, view of applicable law. It was bad faith, improper conduct for Mr. Crawford not to appear for his entire deposition, in line with Defendants' repeated attempts to skirt their discovery obligations in this case. (*See, e.g.*, Oct. 2, 2024 Hearing Tr. 6:7-16 (Mr. Crawford's counsel testifying that "Grant Eisenhofer collected documents. We've had them for several months . . . but we have been instructed not to produce the documents.").) Mr. Crawford's early termination plainly impeded, delayed, and frustrated his fair examination (*see, e.g.*, *Edwards v. Wilkie*, No. 16-cv-8031(LTS)(OTW), 2019 WL 5957171, at *2 (S.D.N.Y. Nov. 13, 2019)), because he was not present to be questioned at the agreed time and place.

In light of Mr. Crawford's improper conduct, sanctions requiring Mr. Crawford to sit for an additional deposition are reasonable and warranted. Furthermore, given Defendants' pattern of engaging in bad faith stalling tactics during discovery, Mr. Doyle believes that it would be appropriate for an order from the Court to include an instruction compelling Mr.

---

[1] It appears that Mr. Crawford's decision to terminate the deposition at 12:00 pm ET was intended as "retaliation" to achieve what he viewed as parity with Mr. Doyle's time-limited deposition, even though Mr. Doyle's shorter deposition was previously stipulated to by the parties and Mr. Crawford's was not. (*See* Ex. E, 166:6-12 ("Mr. Crawford: Then, you would have to agree to a time frame that is in alignment with fairness and that time frame would be four hours, as your client was deposed for four hours.").) This is, of course, not a valid reason for terminating a deposition early.

Crawford in his next deposition to respond to all questions non-evasively and in accordance with Rule 30(c)(2) of the Federal Rules of Civil Procedure.

Accordingly, Mr. Doyle respectfully requests that the Court issue an order, under threat of sanctions pursuant to Rule 37(b) of the Federal Rules of Civil Procedure, as follows:

(1) compelling Mr. Crawford to sit for a second deposition on a date selected by and convenient to Mr. Doyle and his counsel in good faith upon no less than three (3) days' prior written notice;

(2) compelling Mr. Crawford to sit and testify at such deposition until the completion of seven (7) hours total of on-the-record time, or such time as Mr. Doyle elects to conclude such deposition, whichever is earlier; and

(3) compelling Mr. Crawford to provide non-evasive testimony and respond to all questions (which may be subject to a concise and nonargumentative objection in accordance with Rule 30(c)(2) of the Federal Rules of Civil Procedure), unless privileged.

3. **Mr. Doyle Is Also Entitled to Reimbursement of Expenses**

Mr. Crawford should also be liable for the expenses incurred in conducting his deposition. Under Rule 30(d), appropriate sanctions may include "the reasonable expenses and attorney's fees incurred by any party." (*See also Morales v. Zondo, Inc.*, 204 F.R.D. 50, 53 (S.D.N.Y. May 4, 2001).) In this case, Mr. Crawford impeded, delayed, and frustrated Mr. Doyle's fair examination of Mr. Crawford and, accordingly, he should be liable for Mr. Doyle's incurred expenses.

With respect to Mr. Crawford's incomplete deposition, Mr. Doyle incurred expenses from Veritext in the amounts of $3,800.25 for court reporting and related services and $1,743.00 for videographer services, as set forth on the true and correct copies of the Veritext invoices attached hereto as Exhibit F and Exhibit G, respectively.

These expenses were incurred reasonably (*i.e.*, reflecting Veritext's reduced *pro bono* rates and in reliance on availability that Mr. Crawford himself provided) and Mr. Crawford was given adequate fair notice of the expected magnitude of such expenses on the record and off the record multiple times before he nevertheless chose to depart his deposition early. (*See, e.g.*, Ex. E, 160:5–8 ("Ms. Dwyer: I do want to make you aware, Mr. Crawford, that Veritext is charging us thousands of dollars per day for this service."); 160:18–22 ("Ms. Dwyer: So if you end the deposition now, please know that I will be seeking the costs of the videographer and the court reporter from the court."); 162:10–13 ("Ms. Dwyer: I will be seeking the costs of the court reporter and the videographer in sanctions for you ending the deposition early. Mr. Crawford: No problem.").)

Accordingly, Mr. Doyle respectfully requests that the Court enter an order imposing sanctions against Mr. Crawford and requiring Mr. Crawford to reimburse Mr. Doyle for the total Veritext costs incurred, *i.e.*, $5,543.25, to be paid within 21 days.

For the foregoing reasons, the Court should grant Mr. Doyle's motion for sanctions and other relief set forth herein.

(\*\*\*)

As always, we thank the Court for its continued attention to this matter.

Respectfully,

*/s/ Nathan K. Noh*

Nathan K. Noh


The Honorable Ona T. Wang
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 20D
New York, NY 10007

VIA CM/ECF

Juan Antonio Crawford
1300 S. Miami Ave
#2001
Miami, FL 33130
iamjantonio@gmail.com

VIA EMAIL

Christopher Gentile
825 Center Street, #28D
Jupiter, FL 33458
chrisgunome@gmail.com

VIA EMAIL AND FIRST CLASS MAIL

**CERTIFICATE OF SERVICE**

       I hereby certify that I caused a true and correct copy of the foregoing January 28, 2025 letter-motion to Judge Ona T. Wang to be served: (1) on Juan Antonio Crawford via electronic mail at iamjantonio@gmail.com on January 29, 2025; and (2) on Christopher Gentile via electronic mail at chrisgunome@gmail.com on January 29, 2025 and first class mail at his last known address, 825 Center Street, #28D, Jupiter, FL 33458 on January 30, 2025.

Dated: January 29, 2025

                                          */s/ Nathan K. Noh*
                                             Nathan K. Noh