**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
KEVIN DOYLE,                                      :
                                                  :
                Counterclaim Plaintiff,           :       21-CV-8528 (LTS) (OTW)
                                                  :
         -against-                                :       ORDER
                                                  :
CHRISTOPHER GENTILE and JUAN A.                   :
CRAWFORD,                                         :
                                                  :
                Counterclaim Defendants.          :
                                                  :
-------------------------------------------------------------x
```

**ONA T. WANG, United States Magistrate Judge:**

The Court is in receipt of ECF Nos. 146, 147, 148, 149, and 150. In the parties' various filings, they make the following requests:

(1) Plaintiff requests the Court issue discovery sanctions against Defendant Crawford in the form of additional deposition time and reimbursement of expenses because Crawford left his deposition early, (ECF 146);

(2) Defendants request "clarification" regarding Chief Judge Swain's memorandum opinion and order granting Defendant Crededio's motion to dismiss the first amended complaint, (ECF 148); and

(3) Defendants request additional deposition time for Plaintiff and an extension of the January 31, 2025, deadline to file their motion to compel additional deposition time under Rule 26(b)(2). (ECF 150).

I will address each of these requests in turn, using the numbering convention above.

1. **<u>Discovery sanctions against Defendant Crawford</u>**

In Plaintiff's motion at ECF 146, they assert that on December 11, 2024, Plaintiff met and conferred with Crawford to schedule his deposition, noting "that Mr. Crawford should plan to be available for the entire day on any day he proposed." (ECF 146) (internal quotations omitted). The parties jointly agreed on December 13, 2024, to hold Plaintiff's deposition of Crawford on Monday, January 20, 2025. (ECF 146). On the morning of January 20, on the record, Crawford announced: "On the record, in observance of today's federal holiday, we will end the deposition at 12:00 noon Eastern Standard Time." (ECF 146). Plaintiff further asserts that they warned Crawford multiple times, on and off the record, that they had not agreed to a shortened deposition time and that Plaintiff may seek costs if he left the deposition early. (ECF 146 at 2). The transcript of Crawford's deposition reads, in relevant part:

> Ms. Dwyer: Okay. So, we have now spent two hours and 32 minutes on the record. Mr. Crawford, you are saying that you are going to end this deposition now?
>
> Mr. Crawford: I am saying I'm going to observe today's federal holiday, being Martin Luther King holiday. I've completed my agreeance to deposition on this date and this time. If you would like to continue this deposition at a later said date and time, I am completely open to that.
>
> …
>
> Ms. Dwyer: Okay. So, I just want a clean record on this. So, I would like to continue the deposition today and finish the deposition today. Are you - -
>
> Mr. Crawford: Then, you would have to agree to a time frame that is in alignment with fairness and that time frame would be four hours, as your client was deposed for four hours - -
>
> …

2

> Ms. Dwyer: And just to be clear: We did not talk about today being Martin Luther King Day and you having an objection to sitting for this deposition before the - -
>
> Mr. Crawford: No.
>
> Ms. Dwyer: - - time frame; correct?
>
> Mr. Crawford: I didn't. I've been completely open on the record with that.
>
> …
>
> Mr. Crawford: For the record: The words "refusing" -- "refusal" never came out of my mouth. I have never used them.
>
> Ms. Dwyer: Okay. Well, if you're not refusing, then I'm just going to continue with my line of questioning; and feel free to drop off, if you are objecting to that.
>
> …
>
> Ms. Dwyer: And this is a document bearing Bates number CG-JC-0010200.
>
> (Witness leaves Zoom deposition.)

(ECF 146-5 at 164-169). Per the deposition transcript, Plaintiff deposed Crawford for just over two hours and thirty minutes. Now, Plaintiffs move for discovery sanctions under Rules 30(d) and 37(d), seeking additional time to depose Crawford and reimbursement of actual costs in the amount of $5,543.25. (ECF 146).

In his response, Defendant Crawford asserts: that his unilateral termination of his deposition was not in bad faith because he communicated on the record his availability on the day and "was fully cooperative throughout the portion of the deposition that took place;" that Plaintiff has not been prejudiced; and therefore sanctions are not warranted. Crawford also

3

asserts he is "willing to schedule a continuation of [his] deposition for a limited period to address any remaining questions, without the imposition of monetary sanctions." (ECF 147).

In sum, on the day of his scheduled deposition, for the first time, Crawford unilaterally announced that he only intended to sit for three hours (i.e., from 9:00 a.m. to 12:00 p.m.), and then left his deposition after two and a half hours. Rule 30(d)(1) clearly sets forth that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." Fed. R. Civ. P. 30(d)(1). Plaintiff clearly communicated this requirement in plain language to Crawford on December 11, 2024: "As a reminder, we are entitled to question you for 7 hours on the record (i.e., not including breaks), so please plan to be available for the entire day on any day you propose." (ECF 146-1). Crawford has routinely demonstrated his ability to review the Federal Rules of Civil Procedure and has even cited to the Federal Rules in his opposition to Plaintiff's motion. (*See* ECF 147) ("Additionally, in the Southern District of New York, depositions are governed by the Federal Rules of Civil Procedure, and the only default method of recording is stenographic unless otherwise stipulated or ordered by the court (FRCP 30(b)(3)).").

Crawford's contention that his unilateral termination of the deposition was "based on a legitimate and good faith belief that it was appropriate to do so given the federal holiday and the length of time I had already been questioned," (ECF 147), is belied by his own words: "Then, you would have to agree to a time frame that is in alignment with fairness and that time frame would be four hours, as your client was deposed for four hours." (ECF146-5 at 166). The reference to Plaintiff's four hour deposition strongly suggests that his termination of the

4

deposition was motivated by his displeasure with the previously agreed upon 4-hour deposition of Plaintiff, for which Defendant later sought, and was denied, additional deposition time. (*See* ECF Nos. 141, 143).

These tit-for-tat discovery disputes have plagued this case and prevent the Court from efficiently moving the case through discovery. Plaintiff's motion for discovery sanctions is **DENIED without prejudice**. The parties are directed to meet and confer and file a joint letter on the docket by **March 10, 2025**, with 3 proposed dates where Crawford will sit for up to 4.5 hours of testimony to complete his deposition. The Court will then enter the deposition date(s) on the docket, so that if Crawford fails to appear, he will be in violation of a court order and subject to sanctions under Rule 11.

**The Court warns Crawford that his purported excuse was invalid, and he must complete the full 7 hours of deposition time to which Plaintiff is entitled under the Federal Rules. While the Court is not issuing sanctions at this time, failure to comply with this or any subsequent order regarding discovery in this case may result in sanctions that could include, among other things, reimbursement for costs.**

2. **"Clarification" regarding Chief Judge Swain's memorandum opinion and order**

Defendants' motion at ECF 148 is a motion for clarification regarding Chief Judge Swain's Memorandum Opinion & Order granting Defendant Crededio's motion to dismiss the First Amended Complaint.[1] (*See* ECF 47). Specifically, Defendants ask whether Chief Judge

---

[1] The Court notes that the First Amended Complaint is not the operative complaint in this litigation; Gentile and Crawford filed a Second Amended Complaint on May 5, 2023. (ECF 52).

Swain's Memorandum Opinion & Order (1) affirmatively "establishes" that Crededio, who is no longer a defendant in this action, is a joint author or whether it only rejects Plaintiff's claim of sole authorship; (2) what rights Crededio may have in the screenplay if she is deemed a joint author; and (3) how the ruling may impact copyright registrations held by the parties. (ECF 148). Defendants also request that, if Chief Judge Swain's Memorandum Opinion & Order does not "establish" joint authorship, that the Court allow Defendants to present further arguments/evidence to argue joint authorship.

As an initial matter, the Court notes that *pro se* Defendants Gentile and Crawford refer to themselves in ECF 148 as Plaintiffs. The Court reminds Gentile and Crawford that all of their claims in this case were dismissed, the only claims remaining are Mr. Doyle's counterclaims, and Gentile and Crawford are now Counterclaim *Defendants*. (*See* ECF Nos. 47, 80).

"Unlike a motion for reconsideration, a motion for clarification is not intended to alter or change a court's order, but merely to resolve alleged ambiguities in that order." *McCaffrey v. Gatekeeper USA, Inc.*, 14-CV-493, 2022 WL 1321494, at *1 (S.D.N.Y. May 3, 2022). "When a ruling is unambiguous … clarification generally will be denied." *Id.* Here, nothing about Chief Judge Swain's Memorandum Opinion & Order is unambiguous and requires clarification. (*See, e.g.*, ECF 47) ("Therefore, upon review of the entirety of the pleading, the Court concludes that Plaintiffs' allegations are insufficient to render plausible Plaintiffs' claim as to exclusive authorship of the Work."). To the extent that Defendants' requests for clarification seek trial-level factual rulings, those should be brought before a factfinder at trial; such requests are

premature where, as is here, discovery has not closed. For these reasons, Defendants' motion for clarification is **DENIED.**[2]

3. **Additional time to depose Plaintiff**

Defendants' most recent filing requests (1) additional deposition time for Plaintiff Doyle and (2) an extension of the January 31, 2025 deadline to renew their motion to compel Doyle to sit for additional deposition time.

Defendants' first request is **DENIED without prejudice.** In my January 27, 2025, Order, I denied Defendants' original request for additional time to depose Plaintiff because Defendants failed to articulate why they needed more than the agreed-upon four hours and why more time is proportional to the needs of the case. (ECF 143). Additionally, in my January 27 Order, I specifically instructed Defendants that if they wished to renew their motion to compel Doyle to sit for additional deposition time, they must:

(1) file a letter motion of no more than two pages;

(2) attach the entire Doyle deposition transcript as an exhibit; and

---

[2] Because Defendants are *pro se*, the Court also liberally construes the motion for clarification as a motion for reconsideration. "Motions for reconsideration … require the party seeking reconsideration to 'set forth concisely the matters or controlling decisions' which the Court overlooked." *Alexander v. JP Morgan Chase Bank, N.A.*, 19-CV-10811 (OTW), 2024 WL 1193421, at *1 (S.D.N.Y. Mar. 20, 2024) (citing Local Civil Rule 6.3). Local Civil Rule 6.3 mandates a motion for reconsideration be served within fourteen days after the entry of the Court's determination of the original motion. *McCaffrey*, 2022 WL 1321494 at *1. "Courts in this Circuit routinely deny untimely motions for reconsideration without considering their merits." *Id.* (internal quotations omitted). To the extent that Defendants' motion is one for reconsideration, it is untimely. Chief Judge Swain's Memorandum Opinion & Order was filed on March 31, 2023. (ECF 47). Defendants' motion was filed on January 30, 2025, almost two years later. In any event, Defendants' motion points to no matters or controlling decisions that Chief Judge Swain overlooked, and instead asks the Court questions that amount to seeking legal advice. The Court cannot provide Defendants with legal advice. *See Pliler v. Ford*, 542 U.S. 225, 231 (2003) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."). For these reasons, even if construed as a motion for reconsideration, Defendants' motion is **DENIED.**

> (3) explain why additional time is necessary and why the areas to be explored could not have been explored at Doyle's first deposition session. (ECF 143).

Defendants' letter is three pages, does not attach the deposition transcript, and does not explain why the information they seek could not have been obtained at the first deposition. (*See* ECF 150). The Court cannot address Defendants' claims that time constraints prevented them from a full inquiry as to these issues, as there is no deposition transcript.

Defendants' request to extend the deadline to renew their motion to compel is **GRANTED.** Defendants are directed to file on the docket by **March 10, 2025,** proof of their "multiple requests" to obtain the deposition transcript. Plaintiff is directed to provide Defendants a copy of Doyle's deposition transcript by **March 10, 2025,** if they haven't already done so**.** Any renewed motion to compel must be made by **March 14, 2025**. Defendants' motion must abide by all of the requirements laid out in my January 27 Order.

## CONCLUSION

Defendants have filed a number of motions that were, in various ways, procedurally improper. Defendants are directed to include in any future motions filed on the docket: (1) the relevant ECF Numbers for any documents they are referring to in their motion; (2) the relevant rule under which they are allowed to bring such a motion; and (3) an explanation that identifies why this is an issue ripe for dispute that has *not* been raised before. **If Defendants fail to comply with this Order, future motion(s) may be summarily denied as procedurally improper.**

Plaintiff is directed to serve a copy of this Order on Defendants. Defendants are again encouraged to contact the Pro Se Intake Unit at 212-805-0175 for additional assistance with this case.

The Clerk of Court is respectfully directed to close ECF Nos. 146, 148, and 150.

**SO ORDERED.**

Dated: March 4, 2025
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge

9