# CRAVATH

Nathan Noh
nnoh@cravath.com
T+1-212-474-1707
New York

March 26, 2025

### Re: *Doyle v. Gentile et al.*, No. 1:21-cv-08528 (LTS) (OTW)

Dear Judge Wang:

      Pursuant to Rule I(b) of Your Honor's Individual Rules & Practices in Civil Cases and the Court's March 21, 2025 Order (ECF No. 157), we write on behalf of Plaintiff Kevin Doyle in opposition to Defendant Christopher Gentile's motion to compel Mr. Doyle to sit for an additional deposition (ECF No. 156) (the "Motion to Compel"). As directed by the Court (ECF No. 157), the parties met and conferred on March 19, 2025 and were unable to come to agreement on additional time for Mr. Doyle's deposition.

1. **Introduction and Background**

      After completing his document productions on time in June 2024, Mr. Doyle's counsel contacted Defendants' former counsel, Grant & Eisenhofer, three times to schedule a full-day, in-person deposition during the Fall of 2024 while Mr. Doyle was in New York.[1] Defendants' former counsel did not respond to those requests. (ECF 102 at 4.) Shortly thereafter, Defendants fired their counsel after instructing them not to produce thousands of responsive documents. (*See* ECF No. 95; *see also* Hearing Tr. 6:10-11.) The Court ordered Defendants, their former counsel, and Mr. Doyle's counsel to appear at a status conference on October 2, 2024. (ECF No. 98.) Defendants did not appear. (ECF No. 103.)

      At the conference, Mr. Doyle's counsel explained that they had been trying, to no avail, to schedule Mr. Doyle's deposition while he was in New York. (10/23/2024 Hearing Tr. 6:10-11.) The Court stated: "if there comes a time where there's a dispute about whether and when or how Mr. Doyle's deposition should be taken, in light of what's happened here, I am most likely either going to say: You [Defendants] waive the right to take a deposition, or if you plan to take a deposition, it's going to be . . . at a time that is more convenient for Mr. Doyle." (10/2/2024 Hearing Tr. 10:2-11.)

      When the time came to schedule Mr. Doyle's deposition, Mr. Doyle continued to offer, in the spirit of good faith cooperation, his availability to sit for a full-day virtual deposition at a time convenient to him. In light of the time difference constraints, Defendants themselves proposed a time-limited deposition lasting four hours. (ECF 142.) Mr. Doyle's counsel

---

[1] Mr. Doyle lives in Europe.

NEW YORK
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
T+1-212-474-1000
F+1-212-474-3700

LONDON
CityPoint
One Ropemaker Street
London EC2Y 9HR
T+44-20-7453-1000
F+44-20-7860-1150

WASHINGTON, D.C.
1601 K Street NW
Washington, D.C. 20006-1682
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

confirmed with Defendants that the deposition would last from 8:00 a.m. – 12:00 p.m. (or 3:00 p.m. – 7:00 p.m. in Mr. Doyle's time zone), and Defendants assented. (ECF No. 142, 142-1.)

Mr. Doyle's deposition occurred on January 14, 2025, on time, as scheduled. The parties took three roughly five-minute breaks after each hour of testimony. There was no stalling or excessive pauses; objections from counsel were non-argumentative and concise; and Defendants were given a fair opportunity to examine Mr. Doyle as they saw fit, including on irrelevant and impertinent matters (see Section 5, *below*). Defendants conducted the deposition in a manner that indicated their preparation and familiarity with the factual record. They prepared and introduced exhibits, asked questions they viewed as pertinent to their theory of the case, cited legal statutes, and asked questions based on independent research they conducted into Mr. Doyle's professional writing career. The deposition ended at 12:00 p.m., over Defendants' objection.

2. **Legal Standard**

Federal Rule of Civil Procedure 30(a)(2) requires a party to obtain leave of court to depose a witness, which must be granted to the extent consistent with Rule 26(b)(1) and (2), if the deponent has already been deposed in the case. (*See Bromfield v. Bronx Lebanon Special Care Center, Inc.*, No. 16-cv-10047 (ALC) (SLC), 2021 WL 5178516, at *2 (S.D.N.Y. Nov. 8, 2021).) The burden is on the movant to show good cause to justify the additional deposition time requested. (*See id.*; *Robinson v. De Niro*, No. 19-cv-9156 (KHP), 2022 WL 274677, at *2 (S.D.N.Y. Jan. 26, 2022).)

3. **The Examination of Mr. Doyle Was Fair and Reasonable.**

Mr. Doyle appeared for his deposition on time and sat for the entirety of the allotted, mutually agreed timeframe. The parties took short, minimal breaks on mutual consent of the parties (Exhibit A, 49:19-25, 92:9-17, 147:14-25), and Counsel's objections were brief, neutrally stated and nonargumentative throughout, in a manner that allowed Defendants to ask their questions unmolested and elicit testimony from Mr. Doyle.

Defendants' assertion that Mr. Doyle asked for questions to be repeated or clarified numerous times over the course of roughly 600 questions is not indicative of an impeded examination, but rather reasonable and succinct requests from a virtually deposed witness seeking in earnest to clarify vague or imprecise questions (*see, e.g.*, Exhibit A, 32:23-33:6, 33:7-34:3, 63:17-18, 119:14-19) and ill-delivered or confusingly formulated questions (*see, e.g.*, Exhibit A, 37:21-41:19, 50:12-14, 59:20-25, 165:22-25). In any event, Defendants received responses from Mr. Doyle to as-clarified or as-rephrased questions and still had plenty of time left over to ask duplicate (*see* Section 4, *below*) and abusive (*see* Section 5, *below*) questions.

4. **Defendants' Intended Lines of Questioning Are Irrelevant or Unreasonably Duplicative.**

Defendants appear to argue that they need more time with Mr. Doyle to question him on any "collaboration" between the parties on the works at issue. (ECF 156 at 1.) This matter was already fully covered during Mr. Doyle's deposition, and was the main subject of roughly 109 of 188 pages of testimony. (Exhibit A, 26:20-49:18, 56:24-61:8, 67:25-72:4, 98:15-103:3, 111:10-187:20.) Defendants had ample time to develop the record and conduct a full and fair inquiry into this line of questioning during Mr. Doyle's deposition.

Defendants also appear to seek to question Mr. Doyle on alleged infringement by

him. (ECF 156 at 2.)  The Court dismissed Defendants' claims against Mr. Doyle (including claims of copyright infringement) *with prejudice* in its January 2, 2024 Memorandum Opinion and Order (ECF No. 80).  Accordingly, any questions Defendants seek to ask about Mr. Doyle's use of his copyrighted works are irrelevant and not proportional for purposes of Rule 26.

Finally, to the extent that Defendants wish to ask Mr. Doyle about what they style as "unsubstantiated infringement claims" against them, Mr. Doyle is not likely to have first-hand knowledge of *Defendants'* infringement to be able to offer any relevant testimony. Asking Mr. Doyle about Defendants' infringing conduct would obviously be a waste of time and not reasonable or proportional under Rule 26(b)(1) or (2).

5. **Defendants View the Deposition as an Opportunity to Intimidate, Abuse, and Harass Mr. Doyle.**

As this Court is aware, Defendants have filed numerous submissions making personal attacks about Mr. Doyle's mental health, physical health, and personal finances.  (*See* ECF No. 108, at p.1 ("I . . . was worried and constantly inconvenienced by [Mr. Doyle's] fragile mental status."); *id.* ("After college and thereafter, Mr. Doyle has been living abroad, staying on the sofa of anyone that will take him in and he uses pity as a resource to sponge off of others."); *id.*, at p.2 ("I did not foresee the depths of Mr. Doyle's sickness and his sinister nature in hijacking my opus as his own.); ECF No. 141, at p. 6 ("Mr. Doyle has a documented history of requesting money from Mr. Gentile and other college friends with the implication that failure to comply would have dire consequences for him."); *id.* ("[D]uring the production of *The Arts*, police were called after a staff member reported that Mr. Doyle was threatening self-harm, forcing Mr. Gentile to return to his home to de-escalate the situation.").)

During the deposition, Defendants spent an outsized portion (*i.e.*, roughly 35 out of 188 pages of testimony) exploring this same line of attack. (Exhibit A, 4:14-22:8 (questions about living situation and personal finances), 92:24-98:14 (questions about living situation and assistance allegedly provided to Mr. Doyle by Mr. Gentile), 103:5-111:9 (questions about physical and mental health).)  Indeed, following the deposition, this line of testimony has been a core focus for Defendants.  (ECF No. 142, at p.4 ("By his own deposition, Mr. Doyle admitted that he has been homeless for over 10 years, without a lease in his name, relying on grants and the goodwill of others to sustain himself."); *id.* (suggesting that a deposition occurring after 7:00 p.m. local time is "not unreasonable for someone who does not have a steady job or income").)

It is a near certainty that Defendants plan to harass Mr. Doyle further if given additional time to depose him—in fact, their own words assure us of it. (ECF No. 142, at p. 4 ("Mr. Doyle's finances and mental state are highly relevant to this case as they shed light on his motivations for going behind the backs of his longtime friends and attempting to claim sole ownership of the *Untitled Wyoming Project*.").)  This impertinent conduct has been the cornerstone of Defendants' playbook throughout this case and should not be countenanced.

6. **Defendants' Litigation Conduct Weighs Against Reopening the Deposition.**

Defendants' pattern of bad faith litigation tactics further warrants denial of Defendants' motion.  Defendants' time-limited deposition of Mr. Doyle resulted directly from their refusal to schedule his deposition last fall, their obstruction during document discovery, and their failure to abide the Court's order to appear at an in-person status conference. (10/02/2024 Hearing Tr. 10:3-8.)  This alone warrants denial of their motion.

(***)

For the foregoing reasons, we respectfully request that the Court deny the Motion to Compel. As always, we thank the Court for its continued attention to this matter.

        Respectfully,

        */s/ Nathan K. Noh*

        Nathan K. Noh

The Honorable Ona T. Wang
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 20D
New York, NY 10007

VIA CM/ECF

Juan Antonio Crawford
1300 S. Miami Ave
#2001
Miami, FL 33130
iamjantonio@gmail.com

VIA EMAIL

Christopher Gentile
825 Center Street, #28D
Jupiter, FL 33458
chrisgunome@gmail.com

VIA EMAIL AND FIRST CLASS MAIL

## **CERTIFICATE OF SERVICE**

    I hereby certify that I caused a true and correct copy of the foregoing March 26, 2025 letter-brief to Judge Ona T. Wang to be served: (1) on Juan Antonio Crawford via electronic mail at iamjantonio@gmail.com on March 26, 2025; and (2) on Christopher Gentile via electronic mail at chrisgunome@gmail.com on March 26, 2025 and first class mail at his last known address, 825 Center Street, #28D, Jupiter, FL 33458 on March 27, 2025.

Dated: March 26, 2025

                */s/ Nathan K. Noh*
                Nathan K. Noh