UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
KEVIN DOYLE,                                         :
                                                     :
               Counterclaim Plaintiff,     :    21-CV-8528 (LTS) (OTW)
                                                     :
               -against-                   :    **ORDER**
                                                     :
CHRISTOPHER GENTILE and JUAN A.                      :
CRAWFORD,                                            :
                                                     :
               Counterclaim Defendants.    :
                                                     :
------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

       The Court is in receipt of Defendants' motion to continue Doyle's deposition and responsive briefing, (ECF 156, 166, 171), as well as the parties' joint letter filed on April 1, 2025, regarding Crawford's letter that was emailed to Chambers. (ECF 170). The Court will address each in turn.

       **1) Defendants' Motion to Continue Doyle's Deposition**

       At the March 19, 2025, status conference, I directed Plaintiffs to file an opposition to Defendants' motion to continue Doyle's deposition by April 2, 2025, if an agreement between the parties could not be reached. (ECF 157). At the March 19 conference, I instructed Defendants to include in their reply (1) the topics that Defendants could not cover in their original deposition of Doyle and (2) how much time was purportedly lost. (ECF 163 at 6-7). Defendants request one additional hour to compensate for time lost due to "Plaintiff's evasive responses and breaks," and one additional hour to "utilize the exhibit feature on Zoom, which we were previously unable to do effectively and with evidence we were unable to get to in [the] first deposition due to time constraints." (ECF 171 at 2). Defendants do not specify what

evidence they were unable to raise in Doyle's initial deposition, nor how they came to the conclusion that one hour of time was lost due to "evasive responses and breaks." Defendants suggest that additional questioning is also needed with respect to authorship and collaboration and Plaintiff's professional background.

Plaintiff opposes Defendants' motion. In particular, Plaintiff argues that: (1) the time-limited deposition of four hours was agreed to by Defendants; (2) the parties only took three five-minute breaks; (3) Doyle reasonably and succinctly asked for clarifications of "vague or imprecise questions" and counsel's objections were non-argumentative and concise; (4) the topic of collaboration on the works at issue was fully covered during the initial deposition; and (5) additional deposition time would lead to personal attacks against Plaintiff. (ECF 166).

While Defendants' reply letter did not fully comply with my instructions from the March 19 conference, given Defendants' *pro se* status, their motion for additional time to depose Doyle is **GRANTED in part, denied in part.** Defendants are be granted <u>one additional hour</u> of deposition time to enable them to use the exhibit feature on Zoom. The parties are directed to meet and confer to schedule Doyle's extended deposition, which must be completed by **May 6, 2025.**

2) **Crawford's Letter**

On March 26, 2025, the Court received a letter from Defendant Crawford via email that raised various disputes about the discovery process and opposing counsel's conduct. The letter is now sealed at ECF 165 and 167. On March 27, 2025, the Court ordered (1) Crawford to file a letter on the docket by March 31, 2025, informing the Court who else, if anyone, was sent the

2

letter before it was filed, and whether those concerns or allegations were raised with opposing counsel before the letter was sent to me; and (2) the parties to meet and confer and file a joint letter by April 4, 2025, informing the Court of whether the letter should be publicly available on the docket, filed as redacted, sealed in its entirety, or withdrawn. (ECF 168). Crawford failed to file a letter by March 31 as directed. The parties did file a joint letter on April 2, 2025, wherein the parties jointly requested that the letter be withdrawn. (ECF 171).

Accordingly, the Clerk of Court is respectfully directed to **STRIKE** ECF Nos. 165 and 167 from the docket.

Plaintiff is directed to serve a copy of this Order on Defendants.

**SO ORDERED.**

Dated: April 10, 2025  
New York, New York

_s/ Ona T. Wang_  
**Ona T. Wang**  
United States Magistrate Judge